HUEY JACKSON *v.* STATE OF INDIANA.

[No. 171S17.  Filed December 3, 1971.]

478

*Affirmed and remanded for modification of sentence.*

*Stephen Johnson,* Deputy Public Defender, of Marion, for appellant.

*Theodore L. Sendak,* Attorney General, *William F. Thompson,* Assistant Attorney General, for appellee.

HUNTER, J.—This is an appeal from a conviction for robbery pursuant to IC 1971, 35-13-4-6 (Ind. Ann. Stat. § 10-4101 [1956 Repl.]). On July 3, 1968, appellant, Huey Jackson, was charged by affidavit with robbery. July 26, 1968, appellant filed a Motion to Quash, and October 14 and 24, 1968, the State filed amended affidavits for robbery. September 23, 1969, appellant waived arraignment and entered a plea of not guilty. Trial by jury was held and on March 10, 1970, appellant was found guilty. April 9, 1970, appellant was sentenced for not less than ten (10) nor more than twenty-five (25) years. Appellant

filed a Motion to Correct Errors which was overruled, and this appeal followed.

Appellant presents four main contentions of error in this appeal:

(1) The verdict of the jury was not based on substantial evidence of probative value to sustain the conviction beyond a reasonable doubt.

(2) There was a denial of constitutional rights in that no probable cause existed for his arrest and no independent probable cause hearing was held.

(3) The admission of an item into evidence over timely and proper objection was error because the State failed to provide a proper foundation for its admission.

(4) The court imposed an unconstitutional sentence in that *robbery* is a lesser included offense of armed robbery and a defendant canont be subjected to a more severe punishment for a lesser included offense than that for the greater offense.

In considering the first contention that the evidence was insufficient to sustain the verdict, this Court, upon review, will not weigh the evidence nor determine the credibility of witnesses. Only that evidence most favorable to the State and the reasonable inferences to be drawn therefrom will be considered. As long as there is substantial evidence of probative value sufficient to establish every material element of the crime beyond a reasonable doubt the verdict will not be disturbed. *Valentine* v. *State* (1971), 257 Ind. 197, 273 N. E. 2d 543; *Thomas* v. *State* (1971), 255 Ind. 131, 268 N. E. 2d 609; *Tibbs* v. *State* (1970), 255 Ind. 309; 263 N. E. 2d 728.

The evidence most favorable to the State is as follows. At about 3:30 A.M., June 30, 1968, a shirtless man with a red bandanna over the lower part of his face entered a service station in Marion, Indiana. The man had a revolver in his hand which he pointed at the attendant, and he demanded that the attendant give him all the money. The attendant gave

the man forty-eight dollars from his shirt pocket. The man then demanded that the attendant open a drawer but the attendant told him he did not have a key, so the man told him to find something with which to pry it open. At this time, a police car arrived on the scene in answer to a radio dispatch, and stopped about twenty (20) feet from the door to the service station. The man then ran out of the station and into a field behind the station. The two police officers in the car leaped out, and, never losing sight of the man, pursued him into the field and caught him. He was shirtless and had a red bandanna around his neck. The man the police apprehended was appellant, Jackson. They brought the appellant back to the service station where the attendant identified him as the robber. At trial, the attendant also positively identified the appellant as the robber. The police patted appellant down and placed him in the squad car. He was later taken to the police station where he was searched, although his shoes and socks were not searched. The revolver was later found in the field behind the service station, and it turned out to be a cap pistol. The money was never found but a man who was a fellow prisoner in the jail at the time of appellant's arrest testified that he saw appellant pass some money out through the jail window.

The statute under which appellant was convicted, IC 1971, 35-13-4-6 (Ind. Ann. Stat. § 10-4101 [1956 Repl.]), reads as follows:

> "Whoever takes from the person of another any article of value by violence or by putting in fear, is guilty of robbery, and on conviction shall be imprisoned not less than ten (10) years nor more than twenty-five (25) years, . . ."

Thus, the material elements for the crime of robbery are (1) an unlawful taking, (2) from the person of another, (3) any article of value, (4) by violence or putting in fear. *Jones* v. *State* (1970), 254 Ind. 499, 262 N. E. 2d 538.

Appellant first contends there was a failure of proof as to who owned the money. The affidavit stated who the owner

of the money was, and the appellant therefore asserts this must be proven. However, *Thomason* v. *State* (1970), 255 Ind. 260, 263 N. E. 2d 725, involved a situation quite similar to this and the contention was denied. It also involved a service station hold-up, and, in that case, the fact that the attendant testified that the money belonged to his employer was held sufficient. Here the attendant testified he was an employee of the owner so that ownership could clearly be inferred. The statute does not state that the person robbed must be the actual owner of the property. It is sufficient for purposes of this element of the crime if the property be taken from the person of another. See 77 C.J.S. *Robbery* § 7. It is clear from the circumstances of this case that the service station attendant was in lawful possession of that money as the agent of the owner and that his possession of the money was superior to that of the robber. Nothing more was necessary.

Appellant also claims there was insufficient evidence to prove the attendant was placed in fear. However, the victim stated that he was afraid at the time and was unaware that the revolver pointed at him was merely a cap pistol. This Court stated in *Lewis* v. *State* (1969), 252 Ind. 454, 459, 250 N. E. 2d 358, 361,

> "It is well recognized that the use of a toy gun, or the mere appearance that the defendant was in possession of a gun will be sufficient to establish the 'violence or by putting in fear' element of robbery."

See also, *Cross* v. *State* (1956), 235 Ind. 611, 137 N. E. 2d 32, and annotation at 61 A.L.R. 2d 996.

Appellant also contends the evidence was insufficient because the money was not found on the appellant's person and was never recovered. However, recovery of the stolen property and its production at trial are neither essential to prove the crime was committed nor to convict a defendant. No element of the crime was left unproven. In addition, the appellant had an opportunity to hide the money

in his shoes or socks while sitting in the squad car and he was later seen passing money out through the jail window. There was clearly sufficient evidence of probative value to prove every element of the crime beyond a reasonable doubt.

Appellant's second assertion of error is that certain constitutional rights were denied, as he alleges there was no probable cause for the arrest and no independent probable cause hearing was held. We must reject this contention. The warrantless arrest for a crime committed in the view of the arresting officers is permissible. *Williams* v. *State* (1969), 252 Ind. 154, 253 N. E. 2d 242; *United States* v. *Di Re* (1948), 332 U. S. 581. The two officers saw the robber holding a revolver on the attendant and saw the robber flee. The attendant told them that he had been robbed and, after the police apprehended the suspect, the attendant positively identified the suspect as the robber. There was undoubtedly probable cause for the arrest, and, under the exigent circumstances of this case, the acquisition of a warrant was unnecessary.

Appellant next contends it was error to admit into evidence, over timely and proper objection, a red rag purportedly worn by the robber over the lower part of his face. This item was admitted during the direct examination of the service station attendant. The attendant could not say that this was definitely the rag but only that it looked like the one worn by the robber. We agree with appellant; the item should not have been admitted into evidence at this point in the proceedings for there was really nothing to connect this red rag with the appellant. As stated in Wigmore on Evidence, § 2129, Vol. VII, p. 569 (3rd ed. 1940) :

> "Authentication . . . presupposes a single object, . . . and refers to it as associated with a person, a time, a place, or other known conditions. Thus, the object itself, when offered, is not relevant unless it is the object that was in fact thus associated with those conditions. Hence, the evidencing of those conditions is necessary; and the principle of *Authentication requires that some evidence connecting the object*

*with those conditions be introduced* before or at the time of offering the object itself." (our emphasis)

Red mechanics' rags are widely used throughout all of industry and the witness was unable to really distinguish this one from any other, except that it was faded.

There is no doubt that this item could have been admitted at that time had there been testimony connecting this particular rag to the time, place, or a person involved, but this was not done. However, the erroneous admission was clearly harmless in this case. One of the arresting police officers later testified that the rag was the one found around appellant's neck at the time he was apprehended. Had the item been admitted at the time of this officer's testimony there is little doubt that it would have been admissible. Photographs of the appellant showing a rag wrapped around his neck were also later admitted into evidence. The evidence against the appellant was overwhelming and the erroneous admission of the evidence could have had no effect on the verdict of the jury. The evidence almost certainly would have been admissible had the State laid a proper foundation for its admission into evidence. The erroneous admission was in no way prejudicial to appellant and this cause cannot be reversed on these grounds.

Appellant's final contention is that the sentence imposed is unconstitutional since it provides for a greater maximum sentence for the offense of robbery than could be imposed for the offense of armed robbery, and robbery is a lesser included offense of armed robbery. We agree with appellant, as *Dembowski* v. *State* (1968), 251 Ind. 250, 240 N.E. 2d 815, was controlling at that time. When the offense in the instant case occurred in 1968, the robbery statute, Burns Ind. Ann. Stat. § 10-4101 (1956 Repl.), provided for an indeterminate sentence of not less than ten (10) years nor more than twenty-five (25) years, as it still does today. The offense of armed robbery, under Burns Ind. Ann. Stat. § 10-4709 (1965 Supp.), called for a determinate sentence of not less than ten (10)

years nor more than twenty (20) years as fixed by the court. In *Dembrowski* v. *State, supra,* Judge Lewis, speaking for a unanimous court, stated:

"[T]he legislature may not, consistent with the commands of the State and Federal Constitutions, provide a punishment for a lesser included offense which is greater ■ in years on the face of the statute than the greater offense." 251 Ind. at 253, 240 N.E. 2d at 817.

Thus, pursuant to the Eighth Amendment of the United States Constitution concerning cruel and unusual punishments and Art. 1, § 16 of the Indiana Constitution stating that all penalties must be proportioned to the nature of the offense, the maximum sentence for robbery was held to be twenty (20) years.

The State contends *Dembowski* is not controlling because the law was changed after the crime was committed but prior to the time of appellant's sentencing. We cannot agree. ■ It is the law which is in effect at the time the crime is committed which must be controlling. A person has the right to know what actions are proscribed by the State and it follows that he should also know the consequences of committing the actions as well.

"Punishment may be lessened, but it cannot be increased constitutionally by statute enacted after the commission of the offense." *Hicks* v. *State* (1898), 150 Ind. 293, 294, 50 N.E. 27.

Thus, since the laws in effect at the time appellant committed the crime were the same as in *Dembowski,* that case is controlling for this appeal, and the maximum of appellant's sentence must be reduced to twenty (20) years.

For the reasons stated previously the conviction is affirmed. However, this cause must be remanded to the trial court and the trial court is instructed to modify the sentence by reducing the maximum to twenty (20) years.

Judgment affirmed.

Cause remanded for modification of sentence.

DeBruler, Givan and Prentice, JJ., concur; Arterburn, C. J., concurs in result.

NOTE.—Reported in 275 N. E. 2d 538.