JAMES LEON JACKSON V. STATE OF INDIANA.

[No. 771S215. Filed February 7, 1973.]

*George A. Purvis,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *William D. Bucher,* Deputy Attorney General, for appellee.

DeBruler, J—This is an appeal from convictions of robbery and inflicting injury in the commission of a robbery (IC 1971, 35-13-4-6, being Burns § 10-4101) after a trial without a jury in the Marion Criminal Court, Judge John Davis presiding. Appellant was sentenced to the Indiana State Prison for life. He bases his appeal on the contention that the evidence was insufficient to support these convictions.

The evidence introduced by the State at trial showed that one Charles Washington met the appellant in the Tally Ho Tavern at about 6:30 or 7:00 p.m. on the night of November 25, 1970. Mr. Washington testified that they left the tavern together and went to appellant's apartment where they and a third man named Zeke started shooting dice. After about an hour and a half Mr. Washington had won all of the appellant's money; about twenty-three dollars. Mr. Washington testified that these winnings, together with part of the salary he had been paid recently, totaled about $130.00 all of which he had in his wallet that night.

After the game Washington, appellant and Zeke drank some whiskey and appellant asked Washington for a loan. Washington refused and left. He stopped to call his wife and then began to walk to his apartment when at the corner of 36th and Illinois Streets appellant came out of an alley and told Washington to "give it up." Washington told the appellant to go away and continued walking. At that point appellant took a gun from his pocket and struck Washington in the head. A scuffle ensued in the street with appellant striking Washington several times with the pistol. Mr. Washington recalled falling to the ground and felt someone go through his pockets but could not actually see who it was because of a severe injury to his eye. However, Mr. Washington testified that he had not seen anyone else on the street at the time, and the only other person he noticed was a woman standing on her porch who subsequently called the police.

Mr. Washington stated that he spent forty-seven days in

the hospital after the incident and suffered several deep cuts on his scalp, a broken ankle and an injury to his eye which continued to cause blurred vision at the time of the trial. He testified that he knew the appellant quite well and had known him for some fourteen years.

Officer Roberts of the Indianapolis Police Department testified that he received a radio call to proceed to 36th and Illinois on the night of the incident. When he arrived he saw Charles Washington lying on the street bleeding severely from several head wounds. He also noticed a bone had broken through the skin around Mr. Washington's ankle. Officer Roberts found an empty wallet near by with cards in it identifying the wallet as belonging to Charles Washington. An ambulance was called and removed Mr. Washington to a hospital.

At the outset we should point out that when we are called upon to decide a question concerning the sufficiency of the evidence of a conviction we will not weigh the evidence nor resolve questions of credibility of witnesses, but will look to that evidence and the reasonable inferences therefrom which support the finding of the trial court. *Smith* v. *State* (1970), 254 Ind. 401, 260 N. E. 2d 558. The conviction will be affirmed if from that viewpoint there is evidence of probative value from which the trier of fact could reasonably infer that the appellant was guilty beyond a reasonable doubt. *Turner* v. *State* (1972), 259 Ind. 344, 287 N. E. 2d 339.

The essential elements of the offense of robbery as defined by our statute include a taking from another an article of value by force or violence. Inflicting injury in the commission of a robbery is defined as an infliction of a wound or physical injury with a "firearm . . . club . . . bludgeon . . . or any other deadly or dangerous weapon or instrument while engaged in the commission of a robbery." IC 1971, 35-13-4-6, being Burns § 10-4101.

Testimony here indicated that a man identified as the appel-

lant approached Mr. Washington and demanded that he "give it up" and when he refused beat him with a pistol inflicting several lacerations about his head, breaking his ankle and injuring his eye. Immediately following this beating by appellant Mr. Washington felt someone go through his pockets and later found that about $130.00 of his money was gone. This testimony clearly demonstrates a taking from another by force an article of value and there certainly were injuries inflicted by a dangerous weapon during the course of this taking. The trier of fact presented with such evidence could properly find the defendant guilty of both of the crimes charged here.

Appellant asserts, however, that his own alibi testimony as well as that of his mother and two sisters indicate that on the night of the incident he was at his mother's house. This conflict between the State and defense witnesses is, of course, a question of credibility and therefore is not properly treated on appeal.

Judgment affirmed.

Arterburn, C.J., Givan, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 291 W. E. 2d 892.