JOHN WILLIE BURCH, KING ARTHUR SMITH, BERNARD FORD *v.*
STATE OF INDIANA.

[No. 3-973A125. Filed December 12, 1974.]

*John H. McKenna,* of Gary, for appellants.

*Theodore L. Sendak,* Attorney General, *G. Richard Potter,* Deputy Attorney General, for appellee.

STATON, J.—A jury found John Burch, King Arthur Smith and Bernard Ford guilty of robbery. They were sentenced to a term of not less than ten (10) nor more than twenty-five (25) years. IC 1971, 35-13-4-6; Ind. Ann. Stat. § 10-4101 (Burns 1956). Their appeal to this Court raises only one issue for our review: Was the evidence sufficient to sustain their conviction? Our review of the evidence concludes that the evidence was sufficient and we affirm.

## I.

### Evidence

Burch, Smith and Ford were passengers in Eddie Camaron's automobile. They were going to a restaurant at Twenty-Second Avenue and Washington Street in Gary, Indiana. Just as they arrived, Burch said, "ok man, give it up." Camaron felt something at the back of his neck which he thought was a pistol. He raised his hands. Burch and Smith hurriedly went through his pockets. After the pocket search, Ford hit Camaron on the head with the object held at Camaron's neck. Camaron was dragged from the car to a gangway at the side of the restaurant where he was beaten again.

When the police arrived at the restaurant, Camaron's wallet and personal papers were scattered around the gangway of the restaurant. Camaron was lying on the ground bleeding and dazed. Ford fled the scene but was apprehended a few minutes later. Smith and Burch remained at the scene.

## II.

### Conclusion

The main thrust of the challenge to the sufficiency of the evidence is focused upon the amount of money taken from

Camaron. The affidavit alleged that forty-six dollars was taken. This exact amount was not clearly established by the testimony of Camaron, and the police failed to recover any money at the scene. It is well settled Indiana law that when sufficiency of the evidence is raised on appeal, this Court will not weigh the evidence or determine the credibility of the witnesses. We will consider only that evidence most favorable to the State together with all reasonable inferences to be drawn therefrom. The conviction will be affirmed if, from that point of view, there is substantial evidence of probative value from which the trier of fact could reasonably infer that the defendant was guilty beyond a reasonable doubt. *Jackson* v. *State* (1973), 260 Ind. 61, 291 N.E.2d 892.

Camaron testified that he had between forty-five and forty-six dollars before he was struck and beaten. This testimony is sufficient for the jury to have found that Camaron did have an article of value taken from him while he was placed in fear. *Jackson* v. *State, supra.* It is not necessary for the State to prove the exact amount of money taken from Camaron. *Webster* v. *State* (1973), 155 Ind. App. 510, 293 N.E.2d 529.

We have carefully reviewed the evidence in the record and conclude that the evidence is sufficient to sustain the conviction. We affirm.

Hoffman, C.J. and Garrard, J., concur.

NOTE.—Reported at 319 N.E.2d 654.