JACK LANKFORD; MAX LEATH v. STATE OF INDIANA.

[No. 2-375A59. Filed October 2, 1975. Rehearing denied November 12, 1975. Transfer denied January 27, 1976.]

*Palmer K. Ward,* of Indianapolis, for appellant Lankford, *David F. McNamar, Steers, Klee, Sullivan, McNamar & Rogers,* of Indianapolis, for appellant Leath.

*Theodore L. Sendak,* Attorney General, *Wesley T. Wilson,* Deputy Attorney General, for appellee.

PER CURIAM—The defendants, Jack Lankford and Max Leath, are appealing their convictions for the crime of robbery.[1] Both were sentenced to a term of imprisonment of not less than ten nor more than twenty-five years.

We affirm.

An information was filed charging the defendants with unlawfully and forcibly taking $80.00 from the person of Kenneth Gibbs, Jr. Trial was held without a jury on October 28, 1974, and the defendants were found guilty of robbery. The defendants raise two issues on this appeal: (1) Was the verdict of the Court sustained by sufficient evidence? (2) Was the verdict of the Court contrary to law? These issues have been argued as one since substantially the same question of law is raised by both. Ind. Rules of Procedure, AP. 8.3 (A) (7).

Kenneth M. Gibbs, Jr., and Darrell L. Gibbs, his brother, resided at 1325 South Lynhurst Drive in Indianapolis, Indiana. At midnight, July 28, 1974, there was a knock at their door which Kenneth answered. At the door stood the defendants. They asked for Billy Wethington, a former roommate of Kenneth who had moved out. Kenneth informed them that Wethington no longer lived with him and that there was no one in the house but himself and his brother. Kenneth had seen Lankford once before and Leath twice, but did not know either of them by name.

Lankford turned away from Kenneth for a moment and when he turned again to face him he had a gun in his hand

---

1. IC 1971, 35-13-4-6, Ind. Ann. Stat. § 10-4101 (Burns 1956).

and ordered Kenneth and his brother to lie on the kitchen floor. Kenneth and his brother also noticed that Leath had a tire tool in his hand. The defendants proceeded to gather items from the Gibbs' residence, collecting altogether $80.00 in bills, $15.00 in coins, a television set, an electric fan, a blacklight and some tapes.

The defendants then gathered up their loot and left. As they were leaving, Lankford warned Kenneth that if he got up from the floor he would blow his head off.

Schuyler Atkins, a Deputy Sheriff of Marion County, was directed by his radio dispatcher to go to the Gibbs' home to investigate a robbery shortly after midnight, July 29, 1974. He went to the home and received a report of what had taken place, together with a description of the defendants. Atkins recalled having stopped two men answering to the defendants' descriptions at 5672 West New York Street earlier that evening. With several other officers, he went to 7777 West Washington Street, the address he received from the suspects whom he had stopped earlier. There he found a number of people and upon identifying himself to Evelyn Crowder, who answered the door, he entered and found the defendants in separate bedrooms, clothed, but pretending to be asleep. Found in the trailer were a .22 caliber teargas gun, a black light, a tire lug wrench, and gold rim sunglasses which Max Leath was described as wearing during the robbery.

The defendants first contend that the failure of the state to introduce the stolen articles in evidence or to offer an excuse for not doing so, requires reversal of their convictions. This contention is without merit as it is not necessary to produce the stolen property at trial either to prove the crime of robbery has been committed or to convict the defendant. *Jackson* v. *State* (1971), 257 Ind. 477, 275 N.E.2d 538. *See also Burton* v. *State* (1973), 260 Ind. 94, 292 N.E.2d 790.

Defendants next contend that their convictions cannot stand as the Gibbs brothers' credibility as witnesses was totally destroyed by the testimony of defense witnesses. This contention is also without merit. It is well settled that this Court on appeal will not make an independent determination as to the weight of the evidence or the credibility of the witnesses, but instead will consider only that evidence most favorable to the verdict and the reasonable inferences which may be drawn therefrom. *Linnemeier* v. *State* (1975), 165 Ind. App. 31, 330 N.E.2d 373; *Lynch* v. *State* (1975), 163 Ind. App. 360, 323 N.E.2d 661; *Fletcher* v. *State* (1975), 163 Ind. App. 268, 323 N.E.2d 261.

Accordingly, we affirm.

NOTE.—Reported at 334 N.E.2d 709.