JAMES EDWARD STINSON *v.* STATE OF INDIANA.

[No. 175S31. Filed June 4, 1976.]

*Hamilton L. Carmouche,* of Gary, for appellant.

*Theodore L. Sendak,* Attorney General, *Wesley T. Wilson,* Deputy Attorney General, for appellee.

ARTERBURN, J.—The Appellant, James Edward Stinson, was convicted on June 3, 1971, of the second degree murder of one Eugene Harvey. The Appellant was sentenced to life imprisonment on July 6, 1971. On March 26, 1975, the Appellant was granted permission to file a belated appeal. Since that date, this appeal has been kept viable by appropriate extensions of time requested by the Appellant and granted by this court.

The evidence at trial revealed that at approximately 9:00 a.m. on January 23, 1971, two men came to and peered in the window of Clara's Liquor Store in Gary, Indiana. Behind the store counter were Ethel Harris, a store employee, and the deceased, Eugene Harvey. Harvey, age 72, had for a number of years made it a practice to stop in at the store on his days off and talk. When he saw the two men at the store window, apparently looking to see if the store was open, Harvey called to them to come in.

The two apparent customers, the Appellant and Albert Gene McClain, entered the store. They conferred for a moment and placed an order. As Mrs. Harris got the requested bottle and went to the cash register to ring up the sale, the Appellant called to Harvey, "Come out from behind that counter." The Appellant had a gun in his hand. Shaking the gun, he repeated, "I said, 'Come out from behind that counter.'"

Harvey, who was unarmed, acknowledged that he would come out and took a few steps toward the Appellant. The

Appellant fired the gun and Harvey fell to the floor. The two men ran out the front door of the store. Harvey later died of the wound inflicted in the shooting.

The Appellant and McClain were quickly apprehended by Gary police. Officers Lamar Taylor and Charles Lamar were patrolling in a marked squad car when they heard a shot and saw two men run from the store. Stopping the car, the officers pursued the men on foot. The two suspects separated and the Appellant was apprehended after an exchange of gunfire in a tire store parking lot. McClain was captured by Glenn Trammell, an off-duty policeman who had coincidentally driven by the scene of the crime and seen the two suspects flee.

The Appellant raises one issue in this appeal. It is contended that the evidence was not sufficient to sustain a verdict of guilty of murder in the second degree. Ind. Code § 35-1-54-1 (Burns 1975) defines second degree murder as follows:

> "Whoever, purposely and maliciously, but without premeditation, kills any human being, is guilty of murder in the second degree, and, on conviction, shall be inprisoned in the state prison during life. . . ."

"The necessary elements of the offense of second degree murder under this section are: (1) the killing of a human being; (2) that it was done purposely; and (3) that it was done maliciously." *Blackburn* v. *State,* (1973) 260 Ind. 5 at 20, 291 N.E.2d 686 at 695. The Appellant does not contend that he did not commit the act of killing a human being. He does contend that the "sum total of the evidence shows no evidence that the defendant acted purposely and maliciously. . . ." This contention is without merit.

It is well-established that the elements of malice and intent may be inferred from the deliberate use of a deadly weapon in a manner reasonably calculated to cause death. *Martin* v. *State,* (1974) 262 Ind. 232, 314 N.E.2d 60; *Blackburn* v. *State, supra; Emery* v. *State,* (1968) 250 Ind. 500, 236 N.E.2d 28. The Appellant suggests, however, that the evidence rebutting these inferences was uncontroverted. This was not the case.

The Appellant maintains that at the time of the crime he was undergoing heroin withdrawal and he did not realize what was happening. The Appellant and his co-defendant McClain testified that they went to the liquor store to get some liquor to ease the Appellant's withdrawal symptoms. They testified that the shooting occurred when the Appellant tripped while backing out of the store. Police, however, testified that the Appellant seemed "cool" when he was arrested. Both men were found to have but fifteen cents between them when arrested. In his attempt to flee, the Appellant exchanged gunfire with pursuing police officers. He admitted owning the gun and carrying it "for his protection."

Medical testimony presented by the defense established that the Appellant was indeed exhibiting withdrawal symptoms when he was examined at intervals after the crime. The evidence of the Appellant's mental state at the time of the crime, however, most certainly conflicts. The jury was entitled to believe or disbelieve, as it chose, the theory advanced by the Appellant.

"It is well-established that this court, in determining the sufficiency of evidence, does not judge the credibility of witnesses nor weigh evidence. We look at only the evidence most favorable to the State and the reasonable inferences to be drawn from that evidence. A verdict will not be disturbed if there is substantial evidence of probative value from which the trier of fact could reasonably infer that the defendant was guilty beyond a reasonable doubt. *Young* v. *State*, (1975) [264] Ind. [14], 332 N.E.2d 103; *Blackburn* v. *State*, (1973) 260 Ind. 5, 291 N.E.2d 686; *Jackson* v. *State*, (1971) 257 Ind. 477, 275 N.E. 2d 538." *Matthew* v. *State*, (1975) 263 Ind. 672, 337 N.E.2d 821 at 822.

We believe that there was sufficient evidence to sustain the jury's finding that the Appellant killed Eugene Harvey with malice and purpose. The judgment of the trial court is affirmed.

All justices concur.

NOTE.—Reported at 348 N.E.2d 23.