DARNELL JESSIE BLOCK *v.* STATE OF INDIANA.

[No. 276S59.  Filed November 17, 1976.]

*Edward C. Hilgendorf,* of South Bend, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

ARTERBURN, J.—The Appellant, Darnell Jessie Block, was convicted on August 25, 1975, of first degree burglary, theft, and rape. On September 18, 1975, the Appellant was sentenced to imprisonment for an indeterminate term of not less than ten nor more than twenty years for the offense of first degree burglary, for an indeterminate term of not less than one nor more than five years for the offense of theft, and for a determinate term of twenty-one years for the offense of rape. A motion to correct errors was filed on November 17, 1975, and was denied on December 11, 1975. It is from this denial that the Appellant now presents this appeal.

The evidence at trial showed that the prosecutrix, Debra Kay Cheney, age 19, left work and drove to her apartment sometime before 1:00 a.m. on February 22, 1975. Upon returning home, she locked the door of the apartment with a hook-and-eye lock and a chain. She watched the conclusion of a television program, took a bath, and got ready for bed. A short time later, someone knocked on the door. The prosecutrix went to the door and asked who was there. A man answered, giving his name, and asked for "Jackie." He was told that no one with that name lived in the apartment. When he asked to be let in and was refused, he apparently left.

This man returned a short time later and, after being refused admission again, beat the door open. He grabbed the prosecutrix, forcibly raped her on the floor of the apartment, took some money off the top of a dresser, and left. The prosecutrix testified at trial that she could see her attacker's face, described it, and identified the Appellant as that man. Fingerprints of the Appellant were found on the apartment door.

The issue raised in this appeal centers around testimony by the sister of the prosecutrix, Jean Baldwin. The prose-

cutrix, after the departure of her attacker, drove from her apartment in South Bend, Indiana, to her sister's home in Niles, Michigan. Her sister testified that the prosecutrix told her what had happened and that the attacker had said his name was "Jessie." The prosecutrix had not been able to remember this name during her testimony. The Appellant urges error in the admission of this hearsay testimony.

The argument of the Appellant is that this evidence constituted an evidentiary harpoon. It is asserted that the prosecuting attorney failed to disclose to defense counsel that the witness would relate this testimony, that such disclosure was required under a defense discovery motion, and that the trial court erred when it did not grant a defense motion for a mistrial when the testimony was elicited. We do not agree with this reasoning.

The hearsay evidence complained of in this case falls within the "res gestae" or spontaneous declaration exception to the hearsay rule. *See* McCormick, Evidence § 297 (2d Ed. 1972). After the commission of the crimes in this case, the victim drove directly to her sister's home. Testimony at trial established that the drive from the South Bend apartment to Niles, Michigan takes about fifteen minutes. When she saw her sister, the prosecutrix was crying —"a wierd, scary cry"—and was asked simply, "Debbie, what's the matter?" After telling her sister what happened, the prosecutrix passed out. She awoke later in a hospital. The hearsay statements admitted into evidence were made under circumstances of time and mental condition which exclude the idea of deliberation and fabrication and render the utterances trustworthy. *Ketcham* v. *State,* (1959) 240 Ind. 107, 162 N.E.2d 247; 8 I.L.E. *Criminal Law* § 224 (1971). Hearsay objections interposed by defense counsel were properly overruled.

Because this testimony was admissible, talk of an "evidentiary harpoon" here is misplaced. An evidential harpoon,

as we have used the term in the past, involves improper evidence deliberately introduced by counsel to prejudice the jury, the effect of which cannot be corrected by an admonition by the trial court. *White* v. *State*, (1971) 257 Ind. 64, 272 N.E.2d 312. While there is little doubt that the evidence here was prejudicial and that it was deliberately introduced, it was proper evidence.

Our review of the record reveals, as the Appellant concedes, that no discovery order directed toward the prosecution was issued in this case. While a defense motion for discovery was filed, it was never acted upon. The evidence in question is not exculpatory in nature, with disclosure required in the absence of such an order. *Monserrate* v. *State*, (1976) 265 Ind. 153, 352 N.E.2d 721. We recognize, however, that voluntary compliance with a discovery motion by a party may make action by a trial court unnecessary or may mislead an attorney who, as in this case, enters a case after the discovery motion has been filed. Even if we treat the motion here as if it had been granted by the trial court, assuming that the order would have compelled disclosure of the evidence in question, we do not think that the trial court erred in denying the Appellant's motion for a mistrial.

The testimony in question was not made known to the prosecutor until after trial had commenced. Indeed, the witness did not remember her sister's statement regarding the name of her attacker until that time. The trial court, after noting that it had issued no discovery order in the case, made two observations in response to the Appellant's motion for mistrial. First, the testimony complained of was brought out on a Friday morning. Arguments on the motion for mistrial extended to the middle of the afternoon. The State had not yet rested its case and it was the view of the trial court that the Appellant would have the weekend to seek additional evidence. Second, the trial court noted that the Appellant had known for a number of months that this witness would testify. Since she did not remember the statement by her sister until after the commencement of

trial, no discovery device available to the defense could have revealed the evidence prior to trial. Surprise was unavoidable, no matter what the prosecution did.

Sanctions for failure to comply with a discovery order are discretionary, not mandatory. Ind. R. Tr. P. 37; *Lund* v. *State* (1976) 264 Ind. 428, 345 N.E.2d 826. The usual, though not sole, remedy in cases of surprise such as this is a continuance. *Lund* v. *State, supra;* 8A I.L.E. *Criminal Law* § 435 (1971). Given the admissibility of the testimony in question here, the unavoidability of surprise, and the fact that the State had not yet rested its case, it was not an abuse of discretion for the trial court to determine that the weekend "continuance" afforded the Appellant an adequate remedy. The Appellant did not seek a continuance beyond that period, and sought no remedies other than a mistrial. The granting of a mistrial is also within the sound discretion of the trial court. *Lolla* v. *State,* (1973) 260 Ind. 221, 294 N.E.2d 798. We can find no abuse of discretion here.

The judgment of the trial court is affirmed.

All justices concur.

NOTE.—Reported at 356 N.E.2d 683.