## LESTER L. MITCHELL *v.* STATE OF INDIANA.

[No. 2-775A175. Filed February 23, 1977. Rehearing denied April 4, 1977. Transfer denied July 5, 1977.]

*Frank E. Spencer,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

## STATEMENT OF THE CASE

LOWDERMILK, J.—This case was transferred to. this office from the Second District in order to help eliminate the disparity in caseloads among the Districts.

Defendant-appellant, Lester L. Mitchell (Mitchell), was convicted following a trial to the bench of robbery.[1] From the overruling of his belated motion to correct errors this appeal was perfected.

## FACTS

The facts most favorable to the State are as follows: On October 19, 1974, at approximately 10:00 A.M., Chester Robertson (Robertson) was drinking at the Liberty Bar located at the corner of East and Washington Streets in Indianapolis, Indiana. Robertson left the bar in the company of Mitchell and co-defendant Russell. Kenneth Spencer, and his wife, Reba, observed Mitchell and Russell dragging Robertson to the rear of the Liberty Bar. Reba testified that this was about twenty (20) feet South of Washington Street. Officer Karnes testified that when he first observed Robertson he was approximately one-hundred (100) feet south of Washington Street on East Street. The Spencers further testified that they observed Mitchell and Russell place their hands in Robertson's pockets, remove them, and then place their hands in their own pockets. The Spencers saw Mitchell or Russell remove a bottle from the possession of Robertson.

Robertson testified that he remembered leaving the Liberty Bar at approximately 10:00 A.M. on the morning of October

---

1. IC 1971, 35-13-4-6 (Burns Code Ed.).

19, 1974, and then waking up in the hospital. When he awoke in the hospital his left front trouser pocket was ripped. It had not been ripped while he was at the Liberty Bar. Further, he had $18.00 to $20.00 in one of his front pockets at the Liberty Bar, but when he awoke at the hospital it was gone.

## ISSUES

1. Whether the trial court's judgment is supported by sufficient evidence.
2. Whether the trial court's judgment is contrary to law.
3. Whether the trial court erred in allowing the State to cross-examine Mitchell concerning his past criminal convictions.

## DISCUSSION AND DECISION

### ISSUE ONE

Mitchell argues that the evidence was insufficient to establish that he *took* any money from Robertson. We cannot agree. IC 1971, 35-13-4-6 (Burns Code Ed.) provides, *inter-alia,* as follows:

> "*Whoever takes from the person of another any article of value by violence or by putting in fear, is guilty of robbery,* and on conviction shall be imprisoned not less than ten [10] years nor more than twenty-five [25] years, and be disfranchised and rendered incapable of holding any office of trust or profit for any determinate period. . . ." (Our emphasis).

This court when called upon to review the sufficiency of the evidence needed to sustain a conviction will not weigh the evidence nor resolve questions concerning the credibility of witnesses. Rather, we will look only to that evidence and reasonable inferences to be drawn therefrom which support the judgment of the trial court. The conviction will be affirmed if from that viewpoint there is evidence of probative value from which the trier of fact could reasonably infer that the defendant was guilty beyond a reasonable

doubt. *Lindsey* v. *State* (1976), 264 Ind. 198, 341 N.E.2d 505, 509; *Simpson* v. *State* (1975), 164 Ind. App. 307, 328 N.E.2d 462, 465.

In the case at bar Robertson testified that he had between $18.00 and $20.00 in one of his front pockets while shooting pool at the Liberty Bar. He remembered being hit and then waking up in the hospital. When he awoke in the hospital his money was gone and his right front trouser pocket had been torn. Kenneth and Reba Spencer observed Mitchell and Russell dragging Robertson in a southerly direction on East Street. They further observed either Mitchell or Russell with his hands in Robertson's pockets.

It is the opinion of this court that the evidence was sufficient for reasonable men to infer that Mitchell had taken property of value from Robertson. *Jackson* v. *State* (1973), 260 Ind. 61, 291 N.E.2d 892; *Burch* v. *State* (1974), 162 Ind. App. 429, 319 N.E.2d 654.

Mitchell makes a point of the fact that Robertson's money was not recovered. However, recovery of the stolen property and its production at trial are neither essential to prove a robbery was committed or that the accused committed it. *Jackson* v. *State* (1971), 257 Ind. 477, 275 N.E.2d 538, 541; *Lankford* v. *State* (1975), 166 Ind. App. 191, 334 N.E.2d 709, 710.

Mitchell next argues that the evidence was insufficient to prove that the robbery was committed in the vicinity of the 100 Block of South East Street as contended by the State in its Answer to Mitchell's Notice of Alibi.[2] We do not agree.

Kenneth Spencer testified that he observed Mitchell and Russell drag Robertson in a southerly direction on East Street to the back of the Liberty Bar. This testimony was corroborated by Reba. Lula Moran, the bartender at the Liberty Bar, testified that she observed Mitchell and Russell leave the bar with Robertson and return five (5) or ten (10) minutes later.

2. IC 1971, 35-5-1-1 *et seq.* (Burns Code Ed.).

Police Officer Karnes testified that when he was summoned for assistance by the Spencers he found Robertson approximately 10 feet west of East Street and 100 feet south of Washington Street.

It is the opinion of this court that the evidence was sufficient to prove that the crime was committed in the vicinity of the 100 Block of South East Street as contended by the State.

ISSUE TWO

Mitchell argues that a fatal variance exists between the State's proof at trial as to where the crime was committed and its answer to his alibi notice; therefore, the judgment of the trial court was contrary to law.

We think it unnecessary to restate the evidence outlined above which placed Mitchell at the scene of the crime which was near the Liberty Bar. We wish to note here only that Mitchell in his alibi notice admitted being at the Liberty Bar at the time the crime was perpetrated.

In *Riddle* v. *State* (1971), 257 Ind. 501, 275 N.E.2d 788, 794, our Supreme Court answered Mitchell's argument as follows:

". . . The appellant, by placing himself so near the alleged scene of the robbery essentially had no alibi defense at all, and to now claim that the State's variance in proof was a fatal variance is to no avail. Such a variance, if indeed it is a variance at all, is certainly not fatal in the sense of requiring a new trial."

A variance to be fatal between the State's proof and its answer to a defendant's alibi notice must be of such a substantial nature as to mislead the accused in preparing or maintaining his defense or be of such a degree as would likely place him in second jeopardy for the same offense. *Denton* v. *State* (1965), 246 Ind. 155, 203 N.E.2d 539, 540.

It is the opinion of this court that the judgment of the trial court was not contrary to law.

ISSUE THREE

Mitchell argues that the trial court committed reversible error by allowing the State to cross-examine him concerning his past convictions for having committed the crime of vehicle taking.[3]

*Fletcher* v. *State* (1976), 264 Ind. 132, 340 N.E.2d 771, recognized that it was not improper for the State to impeach a criminal defendant for his prior conviction of theft. They recognized that some crimes encompassed by the Offenses Against Property Act reflect upon a witness's propensity for truth and veracity while other do not. However, they rejected as being too cumbersome any procedure which would require the trial court, *sua sponte*, before admitting evidence of the conviction to ascertain whether the particular crime encompassed today under the Offenses Against Property Act truly reflects upon the witness's propensity to tell the truth. The exclusion of crimes incorporated under the Offenses Against Property Act which do not indicate a lack of veracity on the part of the witness was left to the sound discretion of the trial court.

The trial court did not err in permitting the State to impeach Mitchell concerning his prior convictions of vehicle taking.

Judgment affirmed.

Robertson, C.J. and Lybrook, J., concur.

NOTE.—Reported at 360 N.E.2d 221.

---

3. Although the record is silent as to the statute Mitchell was prosecuted under presumably it would have been under Ind. Ann. Stat. §§ 10-3010 or 10-3011 (Burns 1956), and as recodified in the Offenses Against Property Act. IC 1971, 35-17-5-1 *et seq.* (Burns Code Ed.)