Steven L. HOOPER, Appellant,

v.

STATE of Indiana, Appellee.

No. 1181S336.

Supreme Court of Indiana.

Jan. 18, 1983.

Thomas R. Bullard, Cohen, Cohen & Bullard, East Chicago, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was charged by way of a one count information with Robbery as a Class A felony. He was tried before a jury and found guilty as charged. He was sentenced to a thirty year term of imprisonment.

The facts are these. On September 3, 1980, one Martha Gray, owner of the Plas-

ter Craft Shop in Lake Station, opened her shop as was customary at about 10:00 A.M. About fifteen or twenty minutes later a man whom Mrs. Gray positively identified as appellant came into the shop ostensibly to buy a birthday gift for his daughter. He and Mrs. Gray engaged in an extensive conversation about the gift.

In the meantime, one Bea Presson, a hairdresser from a shop located across the street, came into the craft shop to purchase a coffee cup and also talked to appellant about the gift. After Mrs. Presson left the topic of conversation between appellant and Mrs. Gray changed to her desire to sell the shop. Appellant feigned interest in purchasing the business and asked Mrs. Gray to show him around the shop. When she took him into the rear portion of the shop to show him the work area, he picked up a hammer and struck her on the head three times. He asked her to show him how to open the cash register. Mrs. Gray told him how to operate it. While appellant went to the front of the store Mrs. Gray fled out the back door of the shop. Her later check of the register showed approximately $125 was missing. Mrs. Gray testified the total amount of time appellant had spent in the shop prior to striking her was near an hour. Mrs. Gray went to the beauty shop across the street and immediately reported the crime.

About 12:30 or 1:00 P.M. that afternoon, John Huff, a Lake Station policeman, received a report there was a man hiding in some bushes near a house. Huff, who was armed, approached the man, whom he positively identified as appellant, and ordered him to come out of the bushes. Appellant ran away but tripped and fell and was at that time apprehended by Huff.

Subsequently, Mrs. Presson identified appellant from a photographic display as the man she talked to in Mrs. Gray's shop. Mrs. Gray also identified him from a photographic display shown to her in the hospital on the night of September 3. Another witness, Virginia Privett, an aunt by marriage to appellant, testified she saw him standing in front of the craft shop at about 9:30 A.M.

on September 3 as she and her husband were driving down the street. She further testified that after her husband turned the car around to go back to the area to speak to appellant he was gone.

Appellant's defense was essentially that his prosecution for the crime was a case of mistaken identity. He testified he was in the area for the purpose of seeing his daughter and his wife from whom he was separated. He stated he had moved to Nashville, Tennessee, and had arrived in the northwest Indiana area on September 1. He stated he walked to the shop on the morning of the crime but never entered it. He testified he entered a bar down the street and left hurriedly after learning the police were investigating a robbery in the area. He said he wanted no trouble with the police. He stated he then went to the area where he was apprehended in order to watch his in-laws' home where he believed his wife and child were living. He explained his flight from Officer Huff was due to his fear his father-in-law had called the police to keep him away from his wife.

Appellant claims the trial court erred in admitting State's Exhibit No. 6 into evidence. This exhibit was the shirt allegedly worn by appellant on the day of the robbery. Mrs. Privett, who was the first witness to testify, stated on direct examination that the exhibit was the shirt appellant was wearing when she saw him outside the shop that morning. On cross-examination she stated, "It looks like the shirt," and that she couldn't say for sure that it was the very shirt she saw him wearing. Later testimony by police officers established that Exhibit 6 was the shirt appellant was wearing when arrested that day.

Appellant argues the equivocation of witness Privett when he cross-examined her rendered the shirt inadmissible as an exhibit because it was not properly "authenticated" as a prerequisite to admission. He contends that in order to properly authenticate the shirt for admission into evidence it was necessary that Mrs. Privett offer testimony positively connecting the shirt to appellant, *i.e.*, testimony from her that the exhibit was the very shirt he was wearing.

Appellant relies on *Jackson v. State*, (1971) 257 Ind. 477, 275 N.E.2d 538. In that case it was held it was error to admit a red rag into evidence when the victim of a robbery, a service station attendant, had testified a man walked into the station and held him up while wearing a red rag across the bottom of his face. When shown a red rag at trial the attendant said only that it looked like the one the robber had worn and that he was unsure if it, in fact, was the very same rag. We agreed with appellant's argument it was error to admit the rag shown him because of the equivocation in his authentication testimony. We held the item should not have been admitted into evidence at that time because there was "nothing to connect this red rag with the appellant." *Id.* at 482, 275 N.E.2d at 541. We went on, however, to hold the error was harmless because testimony from police officers was that the red rag was taken from the defendant at the time he was arrested.

■ The State responds to appellant's argument by citing the rule that an item of physical evidence is properly admitted despite the witness' inability to state for certain that the object being shown to him and about which he had testified was indeed the same object connected to the crime. *See, e.g., Jordan v. State*, (1982) Ind., 432 N.E.2d 9; *Johnson v. State*, (1980) Ind., 400 N.E.2d 132. Where the witness is unable to say for certain the object he is shown at trial is the same instrumentality associated with the crime, such consideration goes only to the weight of the evidence and not its admissibility. *Id.*

■ Notwithstanding the correctness of the rule cited by the State, we must conclude appellant's argument here is correct, in that the admission of the shirt into evidence at this point in the proceedings was premature. The laying of the adequate foundation by the State for the admission of an item of physical evidence by the State involves two showings. First the witness who observed the particular instrumentality must be able to at least state that the item he is shown at trial is "like" the one associated with the crime. However, before that item is admitted as evidence there must be a showing that it is connected to the defendant and the commission of the crime.

■ In the case at bar Mrs. Privett was the first witness to testify. It was not required that she be able to state for certain that the shirt she was shown as State's Exhibit 6 was the same shirt she saw appellant wearing on the morning of the crime. *Jordan, supra; Johnson, supra.* However, it should not have been admitted into evidence before the State presented evidence to connect that particular shirt with the defendant.

However, as in the *Jackson* case, the error was harmless. Later testimony from police officers showed that particular shirt offered as State's Exhibit 6 was the shirt appellant was wearing when he was arrested.

Appellant claims the trial court erred when witnesses Gray and Presson were asked if the person about whom they were speaking was present in the courtroom. Both replied affirmatively with words or gestures. In one instance the judge, and in the other, the prosecutor stated in essence that the record should reflect that it was the defendant whom the witnesses had identified. Appellant contends this was an impermissible comment on the evidence and that it was a question of fact for the jury to decide which person in the courtroom was the person whom the witnesses had identified.

■ Such argument is patently absurd. Suffice it to say the trial court is invested with wide discretion in managing the conduct of trial proceedings. *Lock v. State*, (1980) Ind., 403 N.E.2d 1360. It is readily apparent that no abuse of discretion occurred here.

Appellant contends the prosecutor committed misconduct by offering an "evidentiary harpoon" into evidence while questioning Mrs. Gray. She had related that during her conversation with appellant she had handed him a business card of her realtor who was acting as her agent in her attempt to sell the business. Near the end of her

testimony (during which time the prosecutor never did show her the card and ask her to identify it) the prosecutor moved to admit a business card into evidence. The trial judge promptly excluded the card from admission.

 An "evidentiary harpoon" involves the use of improper evidence to prejudice the jury against the defendant and his defense. *Collins v. State,* (1981) Ind., 429 N.E.2d 623; *Block v. State,* (1976) 265 Ind. 569, 356 N.E.2d 683. In this instance it is hard to imagine how the prosecutor's act can be said to have been calculated to prejudice the jury or how it could have done so even if the prosecutor thought it would. There was no error requiring reversal here.

Appellant claims the trial court erred in refusing his tendered Instruction No. 1 wherein he purported to list the elements of robbery as a Class B felony. Robbery is a Class B felony if it is committed while the perpetrator is armed with a deadly weapon. I.C. § 35–42–5–1 [Burns 1979 Repl.]. Instead the trial court gave final Instruction No. 3 which listed the elements of robbery as a Class A felony. Robbery is a Class A felony if injury is inflicted during the commission of the robbery. *Id.* No instruction given mentioned felony Class B robbery at all. Appellant contends since felony Class B robbery is a lesser included offense of felony Class A robbery, the instruction he tendered should have been given.

 We do not dispute that felony Class B robbery is a lesser included offense of felony Class A robbery. *See, Cameron v. State,* (1980) Ind., 412 N.E.2d 1194. But there is no entitlement to an instruction on a lesser included offense if there is no evidence that the lesser but not the greater offense was committed. *Easley v. State,* (1981) Ind., 427 N.E.2d 435; *Rodgers v. State,* (1979) 270 Ind. 372, 385 N.E.2d 1136. In the case at bar the evidence does not warrant submission of a lesser included offense instruction. There was no error in only giving an instruction on robbery as a Class A felony.

Appellant claims the evidence is insufficient to support the conviction. He bases such claim on the fact there was no physical evidence in the form of fingerprints, that he was ever in the shop, and also that there were discrepancies in Mrs. Gray's description of the robber and his own physical features.

On appeal we do not reweigh the evidence nor judge the credibility of witnesses. *Oliver v. State,* (1982) Ind., 431 N.E.2d 98.

In the case at bar the victim of the crime testified the perpetrator of the crime hit her on the head three times with a hammer and took approximately $125 from the cash register of the Plaster Craft Shop. When asked in court if the man who committed the crime was in the courtroom she unequivocally identified the defendant. Her version of the events leading up to the robbery was corroborated by the testimony of Bea Presson who identified appellant as the man with whom she spoke when she came into the shop to buy a coffee mug. The evidence is sufficient to support the conclusion of the jury that beyond a reasonable doubt it was appellant who committed the offense.

The trial court is in all things affirmed.

All Justices concur.