Darnell D. WASHINGTON, Appellant,

v.

STATE of Indiana, Appellee.

No. 682S235.

Supreme Court of Indiana.

Nov. 28, 1983.

Hugh G. Baker, Jr., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen. of Ind., Gordon R. Medlicott, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted by the court of Robbery, a Class A felony and sentenced to thirty (30) years imprisonment. At the time of his arrest, appellant was seventeen years old.

The facts are these. Mrs. McCoy, the victim, was walking across the running track and football field of a high school. She was approached by a young couple from the opposite direction. As the couple passed Mrs. McCoy, the man, the appellant here, struck Mrs. McCoy in the side and knocked her to the ground. Appellant then grabbed a bag Mrs. McCoy was carrying and attempted to pull it from her. She refused to release the bag and the appellant dragged her and the bag through the mud for one-half a block. The female member of the couple ran beside the woman and kicked Mrs. McCoy as she was being dragged. Finally, the strap on the bag broke and the appellant fled with the bag. Mrs. McCoy told the police and testified at trial that the bag contained medicine and a coin purse with twenty dollars in it. Testimony was offered that the appellant rifled through both the bag and the coin purse.

A witness, Mr. Boots, heard the victim's screams and came to her aid. As Mr. Boots neared the scene, appellant placed his hand in his pocket and threatened Mr. Boots.

Appellant then fled in one direction and the female in another. Boots gave chase for a short time and saw the female run into an apartment complex. Boots then called the police and returned to aid Mrs. McCoy.

The police arrived shortly and were directed toward the apartments. Unnamed observers directed the police to a specific apartment. The police entered the apartment and found appellant hiding near a closet in the bedroom of the apartment. Mrs. McCoy and Mr. Boots were taken to a hallway, which faced into the apartment, and from there identified the appellant as the person involved. Later Mrs. McCoy was taken to the hospital where she was diagnosed as suffering from a broken hip.

Appellant was ascertained to be a juvenile and was taken to the juvenile aid division. Appellant's mother was contacted and told to come to the police station. The mother and grandmother of appellant came to the station. They were informed of the nature of the charges against appellant. At that time the mother indicated she was afraid of her son and did not wish to be left alone with him. Appellant, his mother and grandmother were taken into a room for a meeting with the investigating officers. The police then attempted to read the standard *Miranda* warnings to the appellant. Before the officer could finish, appellant began to shout that he did not wish to go into that and that he had committed the crime. The police again began to read the warnings. This time they were successful and the appellant and his relatives signed the waiver of rights form. The officer then informed the family that because the appellant was a juvenile the law required the family to be given a time for a private consultation.

The mother repeated her fear of her son and that she did not wish to either talk with him or be left alone with him. The police officer began to leave the room to provide the family with the mandatory consultation opportunity. The appellant then began to verbally abuse his mother and the officer returned to the room to settle the situation. The appellant again shouted he was the one who committed the crime. The appellant then became abusive with the police officer and finally had to be physically restrained and removed from the room.

Appellant claims the court erred in admitting into evidence that portion of the officer's testimony containing appellant's confession. Appellant contends the admission was not accompanied by a valid waiver because he was denied an opportunity to engage in a meaningful consultation. I.C. § 31–6–7–3 [Burns 1980 Repl.] is the controlling statute.

"31–6–7–3. Waiver of rights.—(a) Any rights guaranteed to the child under the Constitution of the United States, the Constitution of Indiana, or any other law may be waived only:

(1) By counsel retained or appointed to represent the child, if the child knowingly and voluntarily joins with the waiver; or

(2) By the child's custodial parent, guardian, custodian, or guardian ad litem if:

(A) That person knowingly and voluntarily waives the right;

(B) That person has no interest adverse to the child;

(C) Meaningful consultation has occurred between that person and the child; and

(D) The child knowingly and voluntarily joins with the waiver.

(b) The child may waive his right to meaningful consultation under subdivision (a)(2)(C) if he is informed of that right, if his waiver is made in the presence of his custodial parent, guardian, custodian, guardian ad litem, or attorney, and if the waiver is made knowingly and voluntarily."

■ In interpreting this statute, it has been held a consultation can be meaningful only in the absence of police pressure. *Shepard v. State,* (1980) Ind., 404 N.E.2d 1. In describing the consultation, this Court has said, "The main concern . . . is to afford the juvenile defendant a stabilizing and relaxed atmosphere in which to make a serious decision that could possibly affect the

rest of his life." *Andrews v. State,* (1982) Ind., 441 N.E.2d 194, 198.

In the case at bar the police officers did everything within their power to bring about such a consultation. They had acquired the presence of both the mother and the grandmother. After some difficulty with the appellant they were able to convey the *Miranda* rights and obtain his and his mother's signature on the waiver of rights form. When the officer attempted to leave the mother and the grandmother with appellant, over the mother's objections, the appellant became so abusive the officer felt it necessary to return to the room to constrain him. Certainly the statute does not require a parent, relative or guardian to place himself in a position of physical harm in order to afford "a meaningful consultation."

In addition, in the case at bar, we do not have a formal confession extracted from the appellant during police interrogation. The fact is the appellant shouted that he was the guilty party at a time when the officers were attempting to explain his *Miranda* rights and were attempting to effect a consultation between appellant and his mother and grandmother. This Court has held that the concept of custodial interrogation does not extend *Miranda* safeguards to spontaneous and voluntary utterances. *Johnson v. State,* (1978) 269 Ind. 370, 380 N.E.2d 1236. Although the *Johnson* case is not a juvenile case, we hold the same principle of law applies in juvenile matters. We therefore hold the trial court did not err in permitting the officers to testify concerning the utterances of the appellant.

Appellant's second issue involves an alleged variance between the charging information and the proof offered at trial. The information charged the taking of property, to wit: U.S. currency. The facts presented at trial indicate the victim was carrying a bag which contained a coin purse and the purse contained twenty dollars. Testimony further indicated appellant took the bag and went through the bag and the coin purse. When the victim recovered the coin purse the money was gone.

The proof of the existence of the money and the fact such money was taken is circumstantial. However, this is not a fatal flaw. While the State must prove each element of the crime, circumstantial evidence and logical inferences drawn therefrom may establish elements of the offense charged. *Hedges v. State,* (1982) Ind., 443 N.E.2d 62. The logical inference to be drawn points to the guilt of the appellant. The recovery of the stolen money was not a requirement to establish guilt in this case. The production of such evidence at trial was not required. *Mitchell v. State,* (1977) 172 Ind.App. 294, 360 N.E.2d 221. We hold there was no fatal variance between the proof ordered and the offense charged.

The trial court is in all things affirmed.

All Justices concur.