**Kenneth J. DABNEY, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 185S17.**

Supreme Court of Indiana.

Oct. 28, 1986.

Daniel L. Bella, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Kenneth J. Dabney was convicted at the conclusion of a jury trial in the Lake Superior Court of robbery, a class B felony; and rape, a class A felony. He was sentenced to six (6) years for robbery and twenty (20) years for rape, to be served concurrently. The following issues are raised on direct appeal:

1. sufficiency of the evidence; and

2. admission of State's evidence.

The victim, F.J., was a school bus driver for the Calumet School Bus Company. Each morning she would pick up students, collect fifty cents from each, and transport them to Roosevelt High School. On April 3, 1984, she noticed two strangers board the bus and repeatedly questioned them as to whether they were students. At the end of her route, everyone on the bus departed except for one of the strangers. He knelt down next to her, pulled out a knife, and demanded to be taken to King School. He directed F.J., at knife point, where to drive, and forced her to give him her personal money and the bus company's daily receipts. The stranger forced F.J. to park in a church parking lot, go to the back of the bus, and take off her pants. He then forced F.J. to have sexual intercourse with

him. He made F.J. drive him to 20th and Missouri Streets while she was still unclothed. After the stranger fled, F.J. drove to the police and reported the incident. She was taken to Methodist Hospital, examined, and a sexual assault evidence kit was prepared. At trial, F.J. identified Appellant as the stranger who assaulted her.

## I

Appellant maintains there was insufficient evidence to support the conviction for robbery because the State did not sufficiently prove the ownership of the money taken from F.J.

Where sufficiency of the evidence is raised on appeal, we neither weigh the evidence nor judge the credibility of the witnesses; rather, we look to the evidence most favorable to the State, along with all reasonable inferences therefrom. If there is substantial evidence of probative value to support the conviction, the verdict will not be disturbed. *Harris v. State* (1985), Ind., 480 N.E.2d 932, 937. Ind.Code § 35–42–5–1 defines robbery thus:

"A person who knowingly or intentionally takes property from another person or from the presence of another person: (1) by using or threatening the use of force on any person; or (2) by putting any person in fear; commits robbery, a class C felony. However, the offense is a class B felony if it is committed while armed with a deadly weapon...."

Appellant concedes the following dialogue during direct examination of F.J.:

"A: He just said, 'Give me the money.'

Q: Okay. What did you do?

A: I started handing him the money.

Q: What money are you talking about?

A: The bus company money in my pocket.

Q: All right. Do you know how much money was there roughly?

A: Around forty-five dollars ($45.00).

Q: Did he take any other money from you?

A: Later on, yes, he took my personal money.

Q: Where did you have your personal money?

A: In my pants pocket."

In *Jackson v. State* (1971), 257 Ind. 477, 481, 275 N.E.2d 538, 540, this exact issue was raised and we held:

"The statute does not state that the person robbed must be the actual owner of the property. It is sufficient for purposes of this element of the crime if the property be taken from the person of another. [Citation omitted]. It is clear from the circumstances of this case that the [employee] was in lawful possession of the money as an agent of the owner and that his possession of the money was superior to that of the robber. Nothing more was necessary."

There was ample evidence presented in this case to support the conviction for robbery.

## II

Appellant contends the sexual assault evidence kit tendered by the State was erroneously admitted because there was insufficient foundation presented. The basis of his argument is that the attending physician failed to testify as to the specific items contained in the kit. Dr. Johnson did testify that a rape test kit was prepared under his supervision on this victim. He said that rape kit involved taking samples and so forth from the victim and preserving them, sealed, in a box. He testified he was familiar with rape test kits used in rape cases and had done many of them before. This one was done by taking the samples, sealing them in a box, and marking them for identification, then forwarding them to the laboratory for analysis. He testified he did not analyze the samples taken. He identified the particular kit represented by the exhibit offered into evidence as the one obtained on the victim, taken in the emergency room of Methodist Hospital. He said he remembered the incident and the victim and, furthermore, could identify this particular kit by identifying marks put on it in the emergency room before it was

forwarded to the laboratory. Witness Karen Kucherik testified she was a serologist in the laboratory at Methodist Hospital, that she received this kit, identifying it by its markings, and that she analyzed the contents. She testified that a vaginal swab contained in the kit, as well as a vaginal smear and a cervical smear, contained spermatozoa which demonstrates the presence of male reproductive cells and indicates sexual intercourse. Appellant's claim now is that Dr. Johnson did not testify that the kit contained a vaginal swab, vaginal smear, or cervical smear from this victim. He therefore claims this exhibit was improperly admitted into evidence.

■ We see no merit to Appellant's argument in this regard. Dr. Johnson testified the items in the kit were taken from the victim. The defense had an opportunity, through cross-examination, to delve into the identity of each item in the kit if they wished to do so. They did not take this opportunity. The lack of a description of each item in the kit did not render it inadmissible in view of the fact that both Dr. Johnson and the serologist identified the kit and its chain of custody from its origin in the emergency room through its analysis in the lab and its presentation in court. *Arnold v. State* (1982), Ind., 436 N.E.2d 288, 291. In *Baker v. State* (1983), Ind., 449 N.E.2d 1085, the State presented evidence only from laboratory records showing the results of analysis of a rape test kit such as this one, without any supporting testimony as to its origin. In *Baker*, we held it was incumbent upon the State to present evidence of the doctor or someone in authority present at the taking of the specimens to further demonstrate a chain of custody of the specimens to the laboratory where the testing was made and the conclusions drawn. *Id.* at 1087. Here, there was such testimony from the doctor taking and supervising the preparation of the test kit and its transfer to the laboratory for analysis. It was, therefore, proper to admit this exhibit into evidence. Furthermore, as we noted in *Baker*, the presence of sperm in a rape victim is totally unnecessary for a conviction of rape. The

victim here absolutely identified this Appellant, testified that he forced her to have intercourse with him while threatening her with a knife, and that there was penetration. Therefore, no grounds for reversal are presented on this issue.

Finding no error, we affirm the trial court.

GIVAN, C.J., and DeBRULER, SHEPARD and DICKSON, JJ., concur.