ALAN DEAN STEWART *v.* STATE OF INDIANA.

[No. 377S240. Filed June 26, 1978.]

*Harriette Bailey Conn,* Public Defender of Indiana, for appellant.

*Theodore L. Sendak,* Attorney General, for appellee.

GIVAN, C.J.—The appellant was convicted of inflicting an injury during the commission of a robbery, pursuant to IC § 35-13-4-6 [Burns 1975], and sentenced to life imprisonment.

Appellant claims the verdict is not supported by sufficient evidence. This Court will not weigh the evidence nor determine the credibility of witnesses and will sustain a conviction if there is substantive evidence of probative value on each element of the offense charged. *Pulliam* v. *State,* (1976) 264 Ind. 381, 345 N.E.2d 229; *Henderson* v. *State,* (1976) 264 Ind. 334, 343 N.E.2d 776.

The elements of inflicting injury in the commission of a robbery are defined by statute as infliction of a wound or physical injury with a "firearm, dirk, stiletto, bludgeon, . . . or any other deadly or dangerous weapon or instrument while engaged in the commission of a robbery." IC § 35-13-4-6 [Burns 1975]; *Jackson* v. *State,* (1973) 260 Ind. 61, 291 N.E.2d 892. Robbery is defined as taking from the person of another an article of value by violence or putting said person in fear. IC § 35-13-4-6 [Burns 1975]. This Court has held that a knife is a dangerous or

deadly weapon. *Kidwell* v. *State,* (1967) 249 Ind. 430, 230 N.E.2d 590.

Appellant claims his identity as perpetrator of the crime was not established beyond a reasonable doubt. He points to inconsistencies in the victim's identification as to whether appellant had a mustache. The victim had stated that the man who assaulted and robbed her was cleanly shaven. When the appellant was arrested and photographed four days after the robbery, he had a substantial mustache. This Court has held that eyewitness testimony standing alone is sufficient to sustain a conviction. *Winston* v. *State,* (1975) 263 Ind. 8, 323 N.E.2d 228. Furthermore, inconsistencies in identification testimony go only to the weight of that testimony. *Stephens* v. *State,* (1973) 260 Ind. 326, 295 N.E.2d 622. The victim testified that she was working in a pizza parlor on the night of October 9, 1975, when the appellant entered and demanded money. She stated that she recognized him immediately as a man who had purchased a pizza two days previously. She testified concerning conversations with the appellant on both occasions and contact with him from which the jury could reasonably believe her identification testimony.

Appellant next claims there was insufficient evidence to show that any injury to the appellant was inflicted with a knife. The victim testified that after the appellant took the money from the cash register he ordered her to walk to the back of the store to a storage room. On the way he picked up a knife which she had been using to cut bread. He forced her into a bathroom and at knifepoint began to disrobe her. She then fell to the floor, at which time the defendant began striking and kicking her. She testified that she was struck 10 or 15 times by the appellant. The State's medical expert testified that the victim sustained several cuts and bruises about her head, including wounds which appeared to be knife cuts on her ears. This was evidence from which the jury could rea-

sonably infer that the victim had in fact been wounded by the knife held in the hand of the appellant.

The appellant's final contention is that the trial court erred in denying his motion for mistrial after it was shown that the trial judge was a party respondent in a federal habeas corpus action in which the appellant was the party petitioner. The motion was based on an allegation that the trial judge was not able to act fairly or impartially towards the appellant.

The record shows that although appellant had knowledge of the habeas corpus action at least 30 days prior to commencement of trial, he had failed to move for change of venue or to request that the trial judge disqualify himself. This Court has held that a party may not sit idly by and permit the court to act and then claim error at a later time. *Reid* v. *State*, (1967) 249 Ind. 247, 231 N.E.2d 808. The reason for this rule is to put the trial judge on notice of any claimed error in a timely fashion so that it may be corrected before any prejudice results. By his failure to timely raise the question the appellant has waived any issue concerning the prejudice of the trial judge.

The trial court is in all things affirmed.

Hunter, Pivarnik and Prentice, JJ., concur; DeBruler, J., dissents with opinion.

### DISSENTING OPINION

DEBRULER, J.—Here the victim testified that she did not recall being cut or stabbed with the knife held by appellant during the robbery. Doctor McArt who treated her wounds testified that the cut to her ear was characteristic of a knife wound but that he had not used the established technique of examining the edges of the wound under magnification to determine whether they were torn or cut, and that such an examination is the established means of determining the type of instrument causing a wound. He testified further that his opinion as to the cause of the wound on the ear was:

"You'd have to almost narrow it down to two things, either a knife or glass."

Appellant was charged with "inflicting a physical injury upon the person of the said Deborah A. Lavrich, with the said knife." There is no direct statement by the doctor that the victim suffered a knife wound. His almost-either-or opinion was based upon an admittedly inadequate observation. The evidence here has only slightly more force than that found insufficient to support a charge of this same offense in *Tibbs* v. *State,* (1970) 255 Ind. 309, 263 N.E.2d 728. The evidence here, while sufficient to warrant a conclusion that appellant was guilty of robbery, was insufficient to warrant a verdict of guilty of inflicting an injury in the commission of a robbery. Accordingly, I would order this conviction reduced to robbery.

NOTE.—Reported at 377 N.E.2d 626.