Stephen ANDERSON, Appellant,

v.

STATE of Indiana, Appellee.

No. 983S328.

Supreme Court of Indiana.

Oct. 30, 1984.

Nora E. Herndon, Merrillville, for appellant.

Linley E. Pearson, Atty. Gen. of Ind., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is a direct appeal from a conviction of robbery, a class A felony, Ind. Code § 35-42-5-1, and from a habitual offender determination. The case was tried before a jury. Appellant was sentenced to a prison term of sixty years.

Appellant raises four issues on appeal: (1) whether the trial court erred in instructing the jury that voluntary intoxication is not a defense to robbery; (2) whether the trial court erred in refusing to submit instructions to the jury on the lesser included offenses of robbery; (3) whether the trial court erred in overruling appellant's motion for a directed verdict at the conclusion of the State's case; (4) whether the evidence is sufficient to prove appellant's guilt beyond a reasonable doubt.

These are the facts that tend to support the determination of guilt. On April 20, 1982, David Mazan, accompanied by the appellant Steve Anderson, and Robert Hubbard, drove in Mazan's vehicle to various taverns in the area of Hammond, Indiana. While in Mazan's vehicle, Anderson and Hubbard severely beat Mazan and pushed him into the backseat. Anderson started to drive the vehicle toward Whiting, Indiana. Hubbard sat in the passenger seat and sharpened a butter knife on the pavement while the vehicle was traveling down the road. When they arrived at Whiting, Anderson and Hubbard removed Mazan from the vehicle and took him behind a building.

Then, while Hubbard brandished the knife, Anderson demanded that Mazan give his money to him, and Mazan complied. Subsequently, they put Mazan back in the vehicle, and Anderson drove to a liquor store. After Anderson parked the vehicle, Mazan leaped out of the rear window of the vehicle and ran into the liquor store.

Michael Garrey, a security officer at the liquor store, observed Mazan enter the store. Mazan told Garrey of the robbery, and Garrey observed Anderson standing near the vehicle. Then, Anderson and Hubbard fled the area in Mazan's vehicle in the direction of Chicago, Illinois. Garrey recorded the license number of Mazan's vehicle and called the police.

Officers Joseph Bastie and Patrick Gleason of the Chicago Police Department heard on the radio information concerning the robbery and an advisement to watch for Mazan's 1970 brown Buick. While on patrol, they observed a vehicle which appeared similar to the description of Mazan's vehicle. The officers stopped the vehicle and arrested Anderson and Hubbard. Mazan's testimony indicated that Anderson had twelve to fifteen beers over a nine hour period.

### I.

Appellant argues that the trial court erred in tendering an instruction which concluded that voluntary intoxication is not a defense to robbery. The challenged instruction is as follows:

"The defense of intoxication is defined as follows: It is a defense that the person who engaged in the prohibited conduct did so while he was intoxicated, if the intoxication resulted from the introduction of a substance into his body, without his consent or when he did not know that the substance might cause intoxication.

Voluntary intoxication is a defense only to the extent that it negates an element of the offense referred to by the phrase 'with an intent to' or 'with an intention to.'

Therefore, voluntary intoxication is not a defense to Robbery, Class C, or Robbery Class A."

This instruction parallels Ind. Code § 35-41-3-5(b); however, this Court in *Terry v. State*, (1984) Ind., 465 N.E.2d 1085, (DeBruler, J., concurring in result with opinion), declared that section of the statute void and without effect. A defendant in Indiana can offer a defense of voluntary intoxication to any crime. However, the potential of this defense should not be confused with the reality of the situation, *Terry, supra*. The standard of whether or not the evidence warrants an instruction on the defense of voluntary intoxication was set forth in *Williams v. State*, (1980) 273 Ind. 105, 402 N.E.2d 954:

"When the prosecution requests the instruction it seeks to avoid acquittal on the basis of evidence of simple voluntary consumption of alcohol. When the defense requests the instruction it seeks to achieve acquittal by insuring consideration by the jury of evidence of intoxication. In either case the question for the court is whether there is an adequate evidentiary basis for it. That basis exists where the evidence of intoxication, if believed, is such that it could create a reasonable doubt in the mind of a rational trier of fact that the accused entertained the requisite specific intent. If it could do so the refusal of the instruction is error."

■ Appellant's evidence in support of his degree of intoxication does not provide an adequate evidentiary basis for an instruction on voluntary intoxication as a possible defense for class A robbery. Appellant offers only evidence that he had been drinking; however, there is little objective evidence of impairment. Appellant and Hubbard beat the victim and threw him into the back seat. Appellant drove the victim's vehicle to Whiting. Appellant and Hubbard removed the victim from the vehicle and took him behind a building. Then, while Hubbard brandished a knife, appellant demanded that the victim give his money to him, and the victim complied.

Appellant and Hubbard then placed the victim back in the vehicle and drove to a liquor store in order to buy more beer. Appellant's acts were done over a period of time in a goal oriented manner. "A defendant should not be relieved of responsibility when he was able to devise a plan, operate equipment, instruct the behavior of others on carry out acts of physical skill." *Terry, supra*. The evidence further indicates that appellant consumed the beer over a long period of time, and that during such time he had several sandwiches and a bowl of chili. It is reasonable to infer from the evidence that he was alert and active during the time and not an inexperienced drinker.

■ The improper instruction on the defense of intoxication was harmless error because appellant was not entitled to a voluntary intoxication defense instruction.

## II.

■ Appellant argues that the trial court erred because it did not submit instructions to the jury on the lesser included offenses of robbery. Appellant, however, did not offer any lesser included offense instructions to the trial court. It is well settled that the failure to tender instructions in writing on lesser included offenses constitutes a waiver of the right to challenge a trial court's refusal to instruct a jury on lesser included offenses. *Lewis v. State*, (1980) Ind.App., 406 N.E.2d 1226. Assuming the issues had not been waived, appellant still would not have been entitled to instructions on lesser included offenses because the evidence produced at trial did not warrant their submission to the jury. See *Easley v. State*, (1981) Ind., 427 N.E.2d 435, 437, and *Myers v. State*, (1983) Ind., 454 N.E.2d 861.

## III.

■ The appellant argues that the trial court erred by denying his motion for a directed verdict at the conclusion of the State's case. The record reveals, however, that the appellant offered evidence in his defense. Thus, any error in the overruling

of the motion for a directed verdict is not now available for consideration. *Vacendak v. State*, (1982) Ind., 431 N.E.2d 100.

IV.

 The appellant contends that there is insufficient evidence to sustain the verdict of the jury. When reviewing the sufficiency of the evidence this Court will not weigh the evidence or determine the credibility of witnesses. Rather, we will consider only that evidence which is favorable to the State, together with all logical and reasonable inferences to be drawn therefrom. The verdict will be upheld so long as there is sufficient evidence of probative value from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. *Showecker v. State*, (1981) Ind., 432 N.E.2d 1340, *Willard v. State*, (1980) 272 Ind. 589, 400 N.E.2d 151.

The appellant points to inconsistencies in the victim's and witness, Michael Garrey's testimony. At trial, the victim at first waivered in his identification of the appellant as the perpetrator of the crime, but later made a positive in court identification of him. Also, Michael Garrey, stated at trial that the perpetrator was 6′ 1″ in height, weighed approximately 190 pounds, and had black hair. However, the description of the perpetrator in the arrest warrant revealed that he was 5′ 9″ in height and had brown hair. Garrey identified appellant as the perpetrator at trial.

■ This court has held that eyewitness testimony alone is sufficient to sustain a conviction. *Stewart v. State*, (1978) 268 Ind. 585, 377 N.E.2d 626. Inconsistencies in identification testimony go only to the weight of that testimony. It is the task of the jury to weigh the evidence and to determine the credibility of the witnesses. *Taylor v. State*, (1981) Ind., 425 N.E.2d 141.

■ There was sufficient evidence to support the verdict beyond a reasonable doubt.

The conviction is affirmed.

GIVAN, C.J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.