Rickey Wayne **WESLEY**, Appellant (Defendant Below),

v.

**STATE of Indiana, Appellee** (Plaintiff Below).

No. 785S266.

Supreme Court of Indiana.

April 1, 1986.

Daniel L. Bella, Appellate Div., Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Justice.

Appellant Rickey Wayne Wesley was convicted after trial by jury of burglary, a class A felony, Ind.Code § 35–43–2–1 (Burns 1985 Repl.). He was sentenced to a term of imprisonment of 20 years.

In this direct appeal, Wesley challenges the sufficiency of the evidence. Specifically, he claims the victim's identification of him as one of the burglars was inadequate.

We affirm.

The facts which tend to support the judgment of conviction are as follows. Early in the morning of May 3, 1981, Brian George went to his door to investigate some noises. Three men forced their way through, yelling, shoving, and wielding a baseball bat. Mr. George was hit on the head with the bat. He fell, and for a few seconds before drifting into a dazed state, he saw appellant standing over him. The three men stole several items of George's property.

Mr. George reported to police that the other burglars were referring to the man standing over him as "Crazy Rickey", which another witness testified is appellant's nickname. When the police showed Mr. George a photographic array of fourteen pictures, he immediately chose Wesley's picture as depicting the man he saw after he was hit. He also made an unequivocal in-court identification.

Wesley's challenge to the sufficiency of the evidence focuses on the fact that the State had to refresh George's memory about having seen appellant for a few seconds before passing out. Mr. George's initial testimony was only that he was hit, was dazed, and did not observe anything further. After being reminded of his original statement to police and reviewing it, George testified about having seen Wesley standing over him.

We neither weigh the evidence nor determine the credibility of witnesses. *Anderson v. State* (1985), Ind., 469 N.E.2d 1166. We look only to the evidence and inferences most favorable to the judgment of conviction to determine whether each element of the crime was proven beyond a reasonable doubt. The testimony of one eyewitness may be sufficient to sustain the conviction. *Id.*

In *Anderson v. State, supra,* the victim of the crime first wavered at trial in his identification of Green, but later in the trial positively identified him as the perpetrator of the crime. We deferred to the jury's determination of the credibility of the testimony, stating that inconsistencies in identification testimony go only to the weight of that evidence. *Id.*

Here, too, it was within the jury's province to attach less weight to George's initial testimony and the fact that he was dazed during the incident than to his positive pre-trial identification, his ultimate in-court identification, and the evidence that appellant was called by his nickname during the crime.

The evidence most favorable to the State proved beyond a reasonable doubt that Wesley committed the burglary with which he was charged.

The judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.