Lester **CLEAVELAND**, Appellant (Defendant Below),

v.

**STATE of Indiana**, Appellee (Plaintiff Below).

No. 3–785–A–191.

Court of Appeals of Indiana, Third District.

April 3, 1986.

---

Herbert I. Shaps, Walter J. Alvarez, P.C., Merrillville, for appellant (defendant below).

Linley E. Pearson, Atty. Gen., Indianapolis, for appellee (plaintiff below).

STATON, Presiding Judge.

Lester Cleaveland was convicted of two counts of child molesting [1] and raises three issues on appeal:

I. Whether the trial court erred in allowing a child witness to testify with the aid of a doll which was not completely anatomically correct.

II. Whether the trial court erred in refusing to give Cleaveland's Tendered Instruction No. 1; and,

III. Whether the evidence was sufficient to sustain Cleaveland's conviction on each count.

We affirm.

## I.

### Use ¡of Doll

One of the victims, D.C., was eight years old at the time of the trial, and testified with the aid of two dolls, one representing a male and the other a female. Using the dolls, D.C. demonstrated that Cleaveland had pulled down her pants and underwear and put his hand between her legs, touching an area indicated in pink on the doll. Cleaveland argues that because the pink area between the doll's legs did not accurately represent the human vagina, D.C. should not have been allowed to use the doll during her testimony.

The trial court has discretion in allowing or prohibiting the use of demonstrative evidence. *Pilkington v. Hendricks County Rural Elec.* (1984), Ind.App., 460 N.E.2d 1000, 1010. Such evidence may be admitted if it is sufficiently explanatory or illustrative or relevant testimony in explaining what occurred. *Newton v. State* (1983), Ind.App., 456 N.E.2d 736, 741. The doll D.C. used had sufficient anatomical detail to help the jury. Cleaveland has not established that the doll's lack of an accurately depicted vagina in any way misrepresented D.C.'s testimony or misled the jury, or prejudiced him in any other way.

Cleaveland further argues that use of the dolls is analogous to in-court experiments. Citing *Green v. State* (1945), 223 Ind. 614, 63 N.E.2d 292, he argues that the state failed to establish the proper foundation for them as such by showing that D.C. used them under essentially the same circumstances as existed at the time of the criminal offense. Even had Cleaveland raised this objection at trial and preserved it on appeal, *Newton, supra,* 456 N.E.2d at 741, it is completely without merit. His analogy is inappropriate; D.C. was not conducting an experiment, she was merely using the dolls to aid and illustrate her testimony.

## II.

### Tendered Instruction No. 1

Cleaveland contends that the trial court erred in refusing to give his Tendered Instruction No. 1, which reads as follows:

---

1. A Class C felony pursuant to Ind.Code 35–42– 4–3(b).

The fact that a witness has practiced their [sic] testimony with dolls is a factor that may be considered in determining the creditability of the witness.

(Record, at 65). The trial court gave a general instruction concerning the credibility of witnesses and the weight to be given to the testimony of each witness.

■ The giving of instructions is largely within the discretion of the trial court. *Hackett v. State* (1977), 266 Ind. 103, 360 N.E.2d 1000, 1003. An instruction which intimates an opinion as to the credibility of a witness invades the province of the jury, *Taylor v. State* (1972), 257 Ind. 664, 278 N.E.2d 273, 275. Therefore, instructions dealing with credibility should not have the effect of singling out the testimony of any particular witness, but should apply to all witnesses equally.

■ Because only one witness, D.C., used dolls during her testimony, Cleaveland's Tendered Instruction No. 1 would have had the effect of singling out her testimony. It is true that the tendered instruction is a correct statement of the law, *Newton, supra,* 456 N.E.2d 742, but the trial court would have erred in giving it. Cleaveland had adequate opportunity, during cross-examination and closing argument, to attack the credibility of D.C.'s testimony on the ground of prior practice with the dolls. The trial court did not err in refusing to give Cleaveland's Tendered Instruction No. 1.

### III.

### *Sufficiency of the Evidence*

When we review a claim of insufficient evidence, we will look only to the evidence most favorable to the State, together with all reasonable inferences to be drawn therefrom. We will not reweigh the evidence or judge the credibility of the witnesses. *Anderson v. State* (1984), Ind., 469 N.E.2d 1166, 1169. Where there is substantial evidence of probative value to support a verdict of guilt beyond a reasonable doubt, the conviction will be affirmed. *Id.*

Cleaveland was convicted of molesting two young girls, D.C. and her sister P.C., who were his nieces. D.C., who was eight years old at the time of trial, and P.C., who was fourteen, testified that Cleaveland had molested them several times. Each girl testified that at times when she would be alone with Cleaveland in his home, he would pull down her pants and underwear and touch her vagina. They also testified that he would unzip his own pants and make them touch his penis. The girls said that Cleaveland told them he would hurt them if they told anyone what he did to them.

The girls' mother testified that on the evening after D.C.'s last visit to Cleaveland, March 24, 1984, D.C. would not let her mother bathe her. She said that she noticed redness in D.C.'s vaginal area. One week later, the mother discussed the matter with D.C. and D.C. told her that Cleaveland had "played with her". The mother then called the police and took the girls in to make statements.

Detective Norbert Fehrman of the Whiting Police Department testified that he took statements from D.C. and P.C. on April 1, 1984, and that they told him basically the same story that they told in court. Dr. Jonas Russo, a clinical psychologist at the Tri-City Comprehensive Center in East Chicago testified that D.C. told her basically the same story, as well.

There was also evidence of depraved sexual instinct. Cleaveland admitted having sexual contact with his stepson, who testified that Cleaveland had fondled his penis and performed fellatio on him numerous times from the time he was nine years old until he was eleven.

■ Cleaveland argues that the evidence was insufficient because the girls' testimony was inherently unbelievable. It is true that both girls' testimony contained discrepancies regarding such details as the number of times they were molested, where it occurred, and how old they were at the time, and at times other discrepancies resulted from confusing direct and

cross-examination. These discrepancies were not such as to render their testimony inherently improbable and contrary to human experience. *Thomas v. State* (1958), 238 Ind. 658, 154 N.E.2d 503, 506. Any discrepancies were explored during direct and cross-examination and were before the jury for its consideration. We will not reweigh the evidence or judge the credibility of witnesses. *Anderson, supra.* The evidence was sufficient to support a conviction on both counts.

We affirm.

HOFFMAN and GARRARD, JJ., concur.