**Wendell ROOKS, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 1185S485.**

Supreme Court of Indiana.

Nov. 24, 1987.

Rehearing Denied Jan. 20, 1988.

Marce Gonzalez, Jr., Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in a conviction of appellant of Robbery, a Class B felony, for which he received an eighteen (18) year sentence.

The facts are: On January 15, 1985, an armed robbery occurred at Arby's Restaurant in Hammond, Indiana. In addition to robbing Diane Hernandez, the cashier in charge, three customers were also robbed. They were: Donald Kaminsky, Judith Petruff and Adele Verbeck. The robber shot Petruff during the robbery. She was removed to the hospital and subsequently recovered from the gunshot wound.

Shortly after the robbery, Officer McFarland saw appellant near the scene of the robbery and arrested him with the aid of Officer Bogie. The arrest was based upon the description of the robber by the victims. Appellant was taken in a squad car to Arby's Restaurant where Kaminsky, Hernandez and Verbeck each separately identified appellant as the person who had committed the robbery. The next day Petruff was shown a photographic array which included a photograph of appellant; however, she was unable to identify him. Rather, she selected another person's picture as the probable robber.

After the arrest and identification, appellant was taken to the police station where he was read his *Miranda* rights and was also given the opportunity to read the *Miranda* warnings. However, in his statement to police, appellant denied his guilt and stated that he was jogging in the area at the time of his arrest.

At trial, Hernandez, Kaminsky and Verbeck made in-court identifications of appellant. Again, Petruff was unable to identify him.

Appellant claims the trial court erred in admitting the *Miranda* rights waiver form which he signed. Appellant contends he did not voluntarily, knowingly and intelligently sign the waiver. He claims he only signed it because the police told him they would not discuss any details of the case with him until he signed. He stated that the only reason he signed was to gain information as to why he was arrested.

He further claims he did not comprehend the fact that if he signed the waiver he was giving the police permission to question him without a lawyer present. Nor did he understand that anything he said to the police could be used against him at trial. He believed that he could not make any telephone calls until he signed the waiver and talked to police. He also makes the statement that he is a diabetic; however, this issue is not pursued further in the brief.

In passing on the above claims by appellant, the trial court observed that appellant had been arrested before and had signed *Miranda* waiver forms. The court ob-

served that he is not "a new kid on the block." We have nothing in this record but appellant's conclusions which fly in the face of the facts and the specific warnings given to him by the police officers. In addition, appellant made no incriminating statements following the *Miranda* warnings. His only statement was that he was jogging at the time. It was pointed out at trial that he was not dressed as a jogger. There is nothing in this record to suggest that appellant was prejudiced by the placing in evidence of his *Miranda* rights waiver.

 Appellant claims the trial court erred in allowing his statement, made subsequent to the *Miranda* warnings, to be admitted as evidence. Appellant is correct in his observation that the statement failed to constitute either a confession or an admission. Thus, it was of doubtful admissibility. If we assume for the sake of argument that his statements to the police were irrelevant, we do not perceive that appellant was in any way harmed by the trial court's ruling. No reversible error is demonstrated in this record.

■ Appellant claims the evidence is insufficient to support the judgment because he was not wearing the same jacket or hat described by the victims of the robbery at the time of his arrest. Also, he did not have the amount of money on his person that was alleged to have been taken from the victims. The evidence is undisputed that appellant was arrested approximately twenty to thirty minutes after the robbery. This was evidence from which the jury could conclude that appellant had ample time to rid himself of incriminating clothing and to dispose of the money he had obtained in the robbery.

Identification of the appellant was unequivocal, both immediately after his arrest and at trial, by three of the four victims. The only victim unable to identify appellant was the person who was shot during the robbery. These were facts which were within the prerogative of the jury to weigh. The Court will not invade the province of the jury. *Anderson v. State* (1984), Ind.,

469 N.E.2d 1166, *cert. denied* (1985), 469 U.S. 1226, 105 S.Ct. 1220, 84 L.Ed.2d. 361.

The trial court is affirmed.

SHEPARD, C.J., and PIVARNIK and DICKSON, JJ., concur.

DeBRULER, J., concurs in result without separate opinion.