**Stanley HOLMES, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 45S00–8711–CR–1048.**

Supreme Court of Indiana.

Oct. 27, 1989.

Daniel L. Bella, Appellate Public Defenders Office, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of the crime of Robbery, a Class B felony, for which he received a sentence of twelve (12) years.

The facts are: At approximately midnight on December 21, 1986, appellant and another man entered a Domino's pizzeria in Hammond, Indiana and robbed the employees and the store's till. Appellant was armed with a handgun while the second man was armed with a rifle.

The robbers confronted Leslie Adams, an employee of the pizzeria, at the door of the establishment. They backed her into the store and announced, "This is a stick-up, hit the floor." Adams and Robert Turner, another employee, both lay on the floor. Appellant went through Turner's pockets and took his wallet, money, and a small notebook. The second man struck Turner in the head with the rifle. Turner then was ordered to take them to the money. Turner led appellant to the rear of the store where he saw that the man who had struck him with the rifle was already in the back

room and was forcing the manager of the store, Joseph Tobin, to lie across the desk.

As the robbers were ransacking the office for money, the telephone began to ring; appellant told the other man to hurry up because they should get out of there. After they left, police were called, and during an immediate patrol of the neighborhood, appellant's automobile was found parked in an unusual position beside the curb with the ignition intact, but the keys were missing. Turner's wallet and notebook were found in the car. In the glove compartment, they also found appellant's drivers license.

During the initial investigation, police officers received somewhat conflicting descriptions of the robbers from the victims. However, both Adams and Turner positively identified appellant from a photographic lineup five days after the robbery. They also identified appellant at the trial as one of the robbers.

█ Appellant claims the evidence is insufficient to sustain the jury's verdict. Appellant argues that the conflicting statements given by the victims to police immediately after the robbery should render their testimony as incredible. However, an examination of the record discloses that there were no great discrepancies in the descriptions and the activities of the robbers. Adams appeared to be confused as to which one of them struck Turner on the head. However, there does not appear to be any doubt in Turner's mind who struck him on the head.

Appellant also points to confusion on Adams' part as to the height of appellant. She first had told police officers she thought appellant was slightly shorter than she, and she was five feet six. A little later, she stated she thought appellant was taller than she. Inconsistencies of an eyewitness' perception of facts goes only to the weight of the testimony not to its admissibility. *Anderson v. State* (1984), Ind., 469 N.E.2d 1166. The inconsistencies in the statements and testimony of the victims were placed before the jury and fully argued. Thus it was the prerogative of the jury to weigh this evidence and determine the credibility of each witness. *Id.*

Appellant also argues that his girlfriend and several members of his family testified in his behalf, stating that he was with them during the time of the robbery, that he was forgetful—often leaving the keys and his drivers license in the car, and therefore the jury should have found that someone had stolen his car, perpetrated the robbery, then abandoned the car leaving his identification therein. Here again, this was a matter for the jury to evaluate. This Court will not invade the province of the jury and attempt to reweigh such evidence. *Id.*

█ Appellant claims the trial court erred in sentencing him in excess of the statutory authorization. To support this claim, appellant relies on what is obviously a scrivener's error in the trial judge's original sentencing. The original entry recites that appellant had been found guilty of robbery, a Class C felony. However, the judge went on to impose a sentence of twelve (12) years which was the sentence prescribed by the Class B felony statute.

The jury verdict in this case clearly recites that they found appellant guilty of a Class B felony. The charging information charged a Class B felony and the facts as presented before the jury showed that both robbers were armed while perpetrating the robbery which clearly presented facts of a Class B felony.

Following the filing of appellant's brief in this case, in which this claim is made, the State obtained a certified *nunc pro tunc* entry in which the trial judge corrected the scrivener's error to show that appellant in fact had been found guilty of a Class B felony. Such certified correction has been made a part of the record in this case. Appellant's claim in this regard is without merit.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.