**Carlos K. WILLIAMS, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 45S00–0002–CR–130.

Supreme Court of Indiana.

June 28, 2001.

Charles E. Stewart, Jr., Crown Point, IN, Attorney for Appellant.

Karen M. Freeman–Wilson, Attorney General of Indiana, Christopher L. Lafuse, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

SULLIVAN, Justice.

Defendant Carlos Williams was convicted of murder for his participation in the shooting death of another man. We find that the testimony of two eyewitnesses was sufficient evidence to support his conviction.

*Background*

The facts most favorable to the verdict indicate that on May 5, 1999, at a house in Gary, Indiana, an argument erupted between the victim, Amondo Nelson, and Ramar Daniels. After the confrontation, Nelson left with Anthony Holden and Eric Madry. As they were leaving, Daniels told Nelson that he was going to kill him.

Later that day Nelson and Holden were sitting in their car in front of another residence. Madry was standing behind the car speaking with Norman Richardson. Defendant drove up with Daniels in the passenger seat. Defendant and Daniels exited their car and approached Holden's car, Defendant approaching on the driver's side while Daniels approached from the passenger side. Defendant opened the driver's side door and said, "[w]hat was up with that shit with my little brother earlier." Daniels then leaned into the passenger side and shot Nelson seven or eight times with a .32 caliber automatic. Defendant then shot Nelson four times. Defendant and Daniels then fled. Nelson died from multiple gunshot wounds to the chest and abdomen. In all, he was struck ten times.

Defendant was convicted of Murder,[1] and sentenced to 55 years imprisonment.

*Discussion*

Defendant contends that there was insufficient evidence to convict him of murder. Appellant's Br. at 5. Defendant argues, "[t]he alleged eyewitness' testimony

---

1. Ind.Code § 35–42–1–1 (1998).

was inherently unreliable and the investigation by the Gary Police Department failed to establish that the [D]efendant had murdered the victim...." *Id.*

 In reviewing a sufficiency of the evidence claim, the Court neither reweighs the evidence nor assesses the credibility of the witnesses. *See Brasher v. State,* 746 N.E.2d 71, 72 (Ind.2001); *Chambliss v. State,* 746 N.E.2d 73, 77 (Ind.2001). We look to the evidence most favorable to the verdict and reasonable inferences drawn therefrom. *Id.* We will affirm the conviction if there is probative evidence from which a reasonable jury could have found the defendant guilty beyond a reasonable doubt. *Id.*

 We find here that there was sufficient evidence to find Defendant guilty of murder. Richardson testified that Defendant and Daniels drove up in a car, approached the victim and shot him multiple times. He testified that Daniels shot eight to nine shots into the car from the passenger side, and Defendant shot three or four shots into the car from the drivers side. Madry testified that he was sitting in the back seat of the car on the driver's side. He testified that he saw Defendant approach and open the driver's side front door. *(Id.)* He then heard nine to ten shots coming from the passenger side. Madry testified that he ran away, and "heard like four more shots" that sounded like they were from a different gun.

The physical evidence matches the eyewitness accounts. The police found bullet casing from both a .32 caliber handgun and a .45 caliber handgun, and the bullet holes in Nelson's body were of two different sizes.

 Defendant argues that the police investigation was insufficient. Appellant's Br. at 7. The State, however, provided two eyewitness accounts that were consistent with each other and with the physical

evidence. This was more than sufficient to find defendant guilty of murder. *See Brasher,* 746 N.E.2d at 72 ("It is well established that the testimony of a single eye witness is sufficient to sustain a conviction.") *Anderson v. State,* 469 N.E.2d 1166, 1169 (Ind.1984), *cert. denied,* 469 U.S. 1226, 105 S.Ct. 1220, 84 L.Ed.2d 361 (1985). And though Defendant challenges the credibility of the witnesses, it was within the jury's province to judge the credibility of each witness. *See Chambliss,* 746 N.E.2d at 73; *Garland v. State,* 719 N.E.2d 1236, 1238 (Ind.1999), *reh'g denied.*

### Conclusion

We affirm the judgment of the trial court.

SHEPARD, C.J., and DICKSON, BOEHM, and RUCKER, JJ., concur.