

FILED

Aug 23 2016, 9:39 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Tyrone Grayson
Greencastle, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Frances Barrow
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Tyrone Grayson,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | August 23, 2016<br><br>Court of Appeals Case No.<br>67A01-1511-MI-1943<br><br>Appeal from the Putnam Superior Court<br><br>The Honorable Charles D. Bridges, Judge<br><br>Trial Court Cause No.<br>67D01-1506-MI-117 |

**Vaidik, Chief Judge.**

# Case Summary

The Indiana Parole Board alleged that Tyrone Grayson violated his parole by committing a new offense. The parole board alleged that Grayson was on parole for one particular sentence when he committed the new offense. After Grayson's parole was revoked, he filed an application for a writ of habeas corpus alleging that he was not on parole for that sentence when he committed the new offense. Realizing a mistake in the records, the Indiana Department of Correction fixed the records to show that Grayson was on parole for a *different* sentence when he committed the new offense. Without a new parole-revocation hearing, the State submitted to the trial court corrected records to support Grayson's parole revocation, and the trial court—construing Grayson's habeas application as a petition for post-conviction relief—found that Grayson was not entitled to relief.

Because parolees charged with violations of parole are within the protection of the Due Process Clause of the Fourteenth Amendment, we find that Grayson was entitled to an opportunity to be heard on the allegation that he violated parole for the correct sentence. We therefore reverse.

# Facts and Procedural History

In October 2002, Grayson was sentenced to twenty years for attempted robbery and ten years for unlawful possession of a firearm by a serious violent felon in Marion Superior Court in Cause No. 49G01-0108-CF-164749. The trial court

ordered the sentences to be served consecutively. Appellee's App. p. 9. A couple months later, in December 2002, Grayson was sentenced to four years in Marion Superior Court in Cause No. 49G04-9612-CF-195611 for violating his probation for an unrelated conviction. *Id.* at 11. The parties agree that this sentence was to be served consecutive to the sentence in Cause No. 164749.

[4] Grayson was released to parole on July 18, 2013. *Id.* at 12. He committed a new offense—unlawful possession of a firearm by a serious violent felon—in February 2014, and the Marion Superior Court sentenced him to twelve years in Cause No. 49G20-1402-FB-9085. *Id.* at 13. The parole board alleged that Grayson violated his parole for his twenty-year sentence for attempted robbery in Cause No. 164749 for committing this new offense. *Id.* at 18 ("Notification of Parole Violation Hearing"), 19 ("Evidence Relied Upon and Findings of Fact" listing "Paroling Crime/Sentence" as "Attempted Robbery, B Felony, 20 Years"). Grayson waived his preliminary hearing, and a parole-revocation hearing was held. The parole board revoked Grayson's parole and "assessed the balance of [his] sentence" on his twenty-year sentence for attempted robbery to be served before he began his twelve-year sentence for the new offense. *Id.* at 17 ("Notice/Disposition By Parole Board").

[5] In June 2015, Grayson, pro se, filed an application for a writ of habeas corpus in Putnam Superior Court (the county where he was incarcerated), which the trial court construed as a petition for post-conviction relief. Grayson alleged that his parole was improperly revoked because he should have already been discharged from parole for his twenty-year sentence in Cause No. 164749 when

he committed the new offense in February 2014. The State filed a response and a motion to dismiss or for summary disposition. Specifically, the State acknowledged that Grayson was discharged from parole for his twenty-year sentence in Cause No. 164749 in June 2010—well before he committed the new offense in February 2014. *Id.* at 5. However, the State claimed that Grayson was on parole for his ten-year sentence in Cause No. 164749 when he committed the new offense, even though the parole board had alleged that Grayson was on parole for his twenty-year sentence. *See id.* at 19. The State conceded that there was "some confusion in the records" but assured the trial court that the "paperwork was corrected once [the application for a writ of habeas corpus] was filed" and that the corrected paperwork showed that Grayson was indeed on parole for his ten-year sentence when he committed the new offense. *Id.* at 6. The trial court granted the State's motion to dismiss and for summary disposition as follows:

> Construed as a petition for post-conviction relief challenging the revocation of parole . . ., Grayson is not entitled to relief because [the State has] demonstrated through the attachments to [its] response and motion that he was in fact on parole at the time he violated that parole by committing a new crime.

Appellant's App. p. 32. Grayson filed a motion to correct errors, which the trial court denied.

[6] Grayson, pro se, now appeals.

# Discussion and Decision

[7] Grayson challenges the revocation of his parole. Although Grayson filed an application for a writ of habeas corpus in the county where he was incarcerated, the trial court (although not the conviction court) properly treated it as a petition for post-conviction relief because Grayson is challenging the revocation of his parole and is not claiming that he is entitled to immediate release, which is a requirement for habeas relief.[1] *See* Ind. Post-Conviction Rule 1(1)(a)(5); *Hawkins v. Jenkins,* 268 Ind. 137, 374 N.E.2d 496, 498 (1978); *Hardley v. State*, 893 N.E.2d 740, 743 (Ind. Ct. App. 2008); *Partlow v. Superintendent, Miami Corr. Facility,* 756 N.E.2d 978, 981 (Ind. Ct. App. 2001), *superseded by statute on other grounds as stated in Paul v. State*, 888 N.E.2d 818 (Ind. Ct. App. 2008), *trans. denied*.

[8] Grayson argues that his parole was improperly revoked because he should not have been on parole for his twenty-year sentence when he committed the new offense and that the process of revoking his parole violated *Morrissey v. Brewer*. Appellant's Br. p. 9-10. Parolees charged with violations of parole are within the protection of the Due Process Clause of the Fourteenth Amendment. *Morrissey v. Brewer,* 408 U.S. 471, 482 (1972). As such, parolees are entitled to a two-stage parole-revocation procedure: (1) a preliminary hearing to determine

---

[1] Grayson agrees that "he wasn't due for immediate discharge" because of his twelve-year sentence for the new offense he committed in February 2014. Appellant's Br. p. 10. Indeed, according to the Indiana Department of Correction's Offender Search, Grayson's projected release date for this offense is March 16, 2021. Indiana Department of Correction, *Offender Search*, http://www.in.gov/apps/indcorrection/ofs/ofs.

whether there is probable cause to believe that the arrested parolee has committed acts that would constitute a violation of parole conditions and (2) a revocation hearing before the final decision on revocation to consider whether the facts as determined warrant revocation. *Id.* at 485-88; *Komyatti v. State*, 931 N.E.2d 411, 416 (Ind. Ct. App. 2010). The minimum requirements of due process include written notice of the claimed parole violations, disclosure to the parolee of the evidence against him, an opportunity to be heard in person and to present evidence, the right to confront and cross-examine adverse witnesses, a "neutral and detached" parole-hearing board, and a written statement by the board of the evidence relied upon and the reasons for revoking parole. *Morrissey*, 408 U.S. at 489-90; *Komyatti*, 931 N.E.2d at 416.

[9] Here, the parole board alleged that Grayson violated his parole for his twenty-year sentence for attempted robbery in Cause No. 164749 for committing the new offense in February 2014. But after Grayson's parole was revoked and he filed the habeas application, the State admitted that Grayson was discharged from parole on that sentence in June 2010, well before he committed the new offense. Appellee's Br. p. 7; Appellee's App. p. 5, 20. Although conceding "an administrative error on the part of the Department of Correction" that was "corrected" "*after* this case was filed," the State argues that Grayson's revocation should be affirmed because those corrected documents show that Grayson was on parole for his ten-year sentence in Cause No. 164749 when he committed the new offense. Appellee's Br. p. 12 (emphasis added).

[10]     *Morrissey* demands more in this case.  That is, Grayson was entitled to an opportunity to be heard on the allegation that he violated parole for his ten-year sentence in Cause No. 164749.  He also had the right to present evidence and the right to confront and cross-examine adverse witnesses.  He was not afforded those rights when the State, in the post-conviction proceeding, submitted "corrected" documents to the court to prove by summary disposition that he was on parole for an entirely different sentence.[2]  *See* Ind. Post-Conviction Rule 1(4)(g) ("The court may grant a motion by either party for summary disposition . . . when it appears . . . that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.").  We therefore reverse the trial court's grant of the State's motion to dismiss and for summary disposition with instructions to grant post-conviction relief on the parole revocation of Grayson's twenty-year sentence for attempted robbery in Cause No. 164749.

[11]     Reversed.

Baker, J., and Najam, J., concur.

---

[2] Grayson was sentenced to the balance of his twenty-year attempted-robbery sentence for violating his parole.  If the State's corrected documents are accurate, then Grayson was on parole for only a ten-year sentence when he committed the new offense.  It is likely that a defendant who is revoked on a ten-year sentence would face less time than a defendant who is revoked on a twenty-year sentence.  *See* Ind. Code § 35-50-6-1(c).