# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 07 2018, 10:28 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Tyrone Grayson
Pendleton, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Frances Barrow
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Tyrone Grayson, <br> *Appellant-Petitioner,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Respondent.* | December 7, 2018 <br><br> Court of Appeals Case No. 18A-PC-274 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Kurt Eisgruber, Judge <br><br> Trial Court Cause No. 49G01-1612-PC-48434 |

**Robb, Judge.**

# Case Summary and Issues

[1] Tyrone Grayson admitted to the commission of a new offense which violated his parole. The Indiana Parole Board alleged that Grayson was on parole for one particular sentence, but Grayson filed an application for a writ of habeas corpus—later construed as a petition for post-conviction relief—alleging he was not on parole for that particular sentence when he committed the new offense. Realizing a mistake, the Indiana Department of Correction corrected the record to reflect that Grayson was on parole for a *different* sentence when he committed the new offense. Without a second parole-revocation hearing, the State submitted new records to support Grayson's parole revocation and the trial court denied Grayson's petition for post-conviction relief. On appeal, a panel of this court reversed, concluding the Due Process Clause of the Fourteenth Amendment entitled Grayson to an opportunity to be heard. *See Grayson v. State,* 58 N.E.3d 998 (Ind. Ct. App. 2016). Grayson was provided with a new parole-revocation hearing where his parole was once again revoked. Thereafter, Grayson, pro se, filed a petition for post-conviction relief which was denied by the post-conviction court. Grayson, still acting pro se, now appeals the denial of post-conviction relief, raising four issues which we consolidate and restate as whether the post-conviction court erred in denying Grayson's motion for post-conviction relief. Concluding the post-conviction court did not err, we affirm.

# Facts and Procedural History

[2]     We summarized the facts and procedural history of this case in Grayson's first appeal:

> In October 2002, Grayson was sentenced to twenty years for attempted robbery and ten years for unlawful possession of a firearm by a serious violent felon in Marion Superior Court in Cause No. 49G01-0108-CF-164749. The trial court ordered the sentences to be served consecutively. A couple months later, in December 2002, Grayson was sentenced to four years in Marion Superior Court in Cause No. 49G04-9612-CF-195611 for violating his probation for an unrelated conviction. The parties agree that this sentence was to be served consecutive to the sentence in Cause No. 164749.

> Grayson was released to parole on July 18, 2013. He committed a new offense—unlawful possession of a firearm by a serious violent felon—in February 2014, and the Marion Superior Court sentenced him to twelve years in Cause No. 49G20-1402-FB-9085. The parole board alleged that Grayson violated his parole for his twenty-year sentence for attempted robbery in Cause No. 164749 for committing this new offense. Grayson waived his preliminary hearing, and a parole-revocation hearing was held. The parole board revoked Grayson's parole and "assessed the balance of [his] sentence" on his twenty-year sentence for attempted robbery to be served before he began his twelve-year sentence for the new offense.

> In June 2015, Grayson, pro se, filed an application for a writ of habeas corpus in Putnam Superior Court (the county where he was incarcerated), which the trial court construed as a petition for post-conviction relief. Grayson alleged that his parole was improperly revoked because he should have already been discharged from parole for his twenty-year sentence in Cause No.

164749 when he committed the new offense in February 2014. The State filed a response and a motion to dismiss or for summary disposition. Specifically, the State acknowledged that Grayson was discharged from parole for his twenty-year sentence in Cause No. 164749 in June 2010—well before he committed the new offense in February 2014. However, the State claimed that Grayson was on parole for his ten-year sentence in Cause No. 164749 when he committed the new offense, even though the parole board had alleged that Grayson was on parole for his twenty-year sentence. The State conceded that there was "some confusion in the records" but assured the trial court that the "paperwork was corrected once [the application for a writ of habeas corpus] was filed" and that the corrected paperwork showed that Grayson was indeed on parole for his ten-year sentence when he committed the new offense. The trial court granted the State's motion to dismiss and for summary disposition[.]

*Id.* at 999-1000 (citations omitted).

[3] Grayson, pro se, appealed the trial court's decision. On August 23, 2016, a panel of this court reversed, holding that the Due Process Clause of the Fourteenth Amendment entitled Grayson to an opportunity to be heard on the allegation that he violated parole for his ten-year sentence in Cause No. 164749. *Id.* at 1001. On September 20, a new parole revocation hearing was held, and the Indiana Parole Board once again revoked Grayson's parole.

[4] On December 20, 2016, Grayson, still acting pro se, filed a petition for post-conviction relief. The post-conviction court held an evidentiary hearing on August 29, 2017, and, on January 3, 2018, the post-conviction court issued

findings of fact and conclusions of law denying Grayson's petition. Grayson now appeals.

# Discussion and Decision

## I. Standard of Review

Post-conviction proceedings are civil in nature and the petitioner must therefore establish his claims by a preponderance of the evidence. Ind. Post-Conviction Rule 1(5). Post-conviction procedures create a narrow remedy for subsequent collateral challenges to convictions, and those challenges must be based on the grounds enumerated in post-conviction rules. *Turner v. State*, 974 N.E.2d 575, 581 (Ind. Ct. App. 2012), *trans. denied*. "Post-conviction proceedings do not afford the petitioner an opportunity for a super appeal, but rather, provide the opportunity to raise issues that were unknown or unavailable at the time of the original trial or the direct appeal." *Id*.

A petitioner who has been denied post-conviction relief faces a "rigorous standard of review" on appeal. *Dewitt v. State*, 755 N.E.2d 167, 169 (Ind. 2001). We may not reweigh the evidence or reassess the credibility of the witnesses and we consider only the evidence and reasonable inferences supporting the judgment. *Hall v. State*, 849 N.E.2d 466, 468-69 (Ind. 2006). The petitioner must show the evidence is without conflict and leads "unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court." *Strowmatt v. State*, 779 N.E.2d 971, 975 (Ind. Ct. App. 2002). Where, as here, the post-conviction court makes findings of fact and

conclusions of law in accordance with Indiana Post-Conviction Rule 1(6), we cannot affirm the judgment on any legal basis, but rather, we must determine if the court's findings are sufficient to support its judgment. *Graham v. State*, 941 N.E.2d 1091, 1096 (Ind. Ct. App. 2011), *aff'd on reh'g*, 947 N.E.2d 962. We review the post-conviction court's factual findings under a clearly erroneous standard. *Id.*

[7] Before proceeding to the merits of this appeal, we pause to emphasize that pro se litigants without legal training are held to the same legal standards as licensed attorneys. *Basic v. Amouri*, 58 N.E.3d 980, 983 (Ind. Ct. App. 2016). Pro se litigants must adhere to the rules of procedure and must be prepared to accept the consequences of their failure to do so, including waiver for failure to present cogent argument on appeal. *Id.* at 983-84. An appellate brief should be prepared so that each judge, considering the brief alone and independent of the transcript, can intelligently consider each question presented. *Pluard ex rel. Pluard v. Patients Comp. Fund*, 705 N.E.2d 1035, 1038 (Ind. Ct. App. 1999), *trans. denied*. We "will not search the record to find a basis for a party's argument" nor will we "search the authorities cited by a party in order to find legal support for its position." *Thomas v. State*, 965 N.E.2d 70, 77 n.2 (Ind. Ct. App. 2012), *trans. denied*. And we must not become an "advocate for a party, or address arguments that are inappropriate or too poorly developed or expressed to be understood." *Basic*, 58 N.E.3d at 984.

[8] Throughout Grayson's fourteen-page Appellant's Brief, Grayson raises numerous issues, most all of which are "too poorly developed or expressed to

be understood." *Id*. Any and all issues not expressly addressed herein are waived accordingly. *Id*. at 983-84.

# II. Post-Conviction Relief

Grayson argues the post-conviction court erred in denying his petition for post-conviction relief for four reasons, all of which relate to the Indiana Parole Board's initial mistake.

First, Grayson argues the post-conviction court failed to make "findings of fact and conclusions of law for the Indiana Law claim[.]" Appellant's Brief at 8. However, Grayson fails to provide cogent argument regarding the nature of this "Indiana Law claim" or how, exactly, he presented this argument before the post-conviction court. Grayson has therefore waived this issue for our review. *Basic*, 58 N.E.3d at 984.

Second, Grayson argues that because his parole was initially revoked on the wrong sentence, his "due process protected under the 5th and 14th Amendments" was "clearly violate[d.]" Appellant's Br. at 9. As we explained in Grayson's first appeal, "Grayson was entitled to an opportunity to be heard on the allegation that he violated parole for his ten-year sentence in Cause No. 164749." *Grayson*, 58 N.E.3d at 1001. Grayson was then afforded a new revocation hearing on September 20, 2016, and he does not allege any errors

occurred therein.  Therefore, to the extent Grayson simply reasserts the same issue as his prior appeal, it is res judicata.[1]

[12]  Third, Grayson argues the doctrine of invited error prevents the State from correcting its "mistake of not assessing both sentences by reopening a sentence that was never assessed at the revocation hearing and assessing the remainder of a sentence that was clearly discharged."  Appellant's Br. at 11.  Grayson, however, has failed to challenge the post-conviction court's conclusion that:

> The references to the 20-year sentence rather than the 10-year sentence are a scrivener's error, which does not entitle Grayson to any relief.  *Holmes v. State*, 545 N.E.2d 569, 570 (Ind. 1989) (error in sentencing saying crime was Class C when it was really a Class B did not entitle defendant to relief from the 12-year sentence); *Funk v. State*, 714 N.E.2d 746 (Ind. Ct. App. 1999) (error in title of criminal information referring to non-existent lesser included offense does not require vacating conviction).

Appellant's Appendix, Volume II at 72, ¶ 23.

[13]  As Grayson himself admitted, during the period between 2013 to 2015, Grayson was never informed that he was *not* on parole, he did not believe he was *not* on parole, and he admitted to the commission of a new offense for

---

[1] The doctrine of res judicata bars a later suit when an earlier suit resulted in a final judgment on the merits, was based on proper jurisdiction, and involved the same cause of action and the same parties as the later suit. *Annes v. State*, 789 N.E.2d 953, 954 (Ind. 2003).  Res judicata prevents the repetitious litigation of that which is essentially the same dispute.  *Sweeney v. State*, 704 N.E.2d 86, 94 (Ind. 1998), *cert. denied*, 527 U.S. 1035 (1999).  And, a petitioner for post-conviction relief cannot escape the effect of claim preclusion merely by using different language to phrase an issue and define an alleged error.  *State v. Holmes*, 728 N.E.2d 164, 168 (Ind. 2000).

which he was later convicted, and which served as the basis of his parole revocation. As we previously explained, Due Process afforded Grayson the opportunity to be heard once the record was corrected, but a scrivener's error does not amount to invited error. Lacking cogent argument to the contrary, Grayson has failed to demonstrate the evidence leads "unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court." *Strowmatt*, 779 N.E.2d at 975.

[14] Finally, as best as we can discern, Grayson argues the post-conviction court's judgment is in conflict with *Meeker v. Indiana Parole Bd.*, 794 N.E.2d 1105 (Ind. Ct. App. 2003), *trans. denied*. With respect to this argument, the post-conviction court found:

> The case of [*Meeker*] does not apply on the facts of this case. In *Meeker*, the Court of Appeals held that the 24-month maximum period of parole could not be held in abeyance while another sentence is served. That did not happen in this case as Grayson only served from March 18, 2013, until his release to parole on July 21, 2013, on the four-year probation revocation. Thus, unlike [*Meeker*], the entire period of maximum parole did not expire while serving a consecutive sentence.

Appellant's App., Vol. II at 72, ¶ 24. On appeal, Grayson has failed to point to any evidence or provide cogent argument to contrary. As such, we cannot conclude the post-conviction court erred in concluding *Meeker* was inapplicable to the facts presented.

# Conclusion

The post-conviction court did not err in concluding Grayson is not entitled to post-conviction relief. Accordingly, we affirm.

Affirmed.

Baker, J., and May, J., concur.