## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 28 2020, 8:42 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

John Gates
New Castle, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

David A. Arthur
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

John Gates,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent*

April 28, 2020

Court of Appeals Case No.
19A-MI-1288

Appeal from the Henry Circuit Court

The Honorable Kit C. Dean Crane, Judge

Trial Court Cause No.
33C02-1902-MI-12

**Baker, Judge.**

[1] John Gates appeals the trial court's order denying his petition for post-conviction relief,[1] arguing that the trial court erred when it granted the State's motion for summary disposition. Gates argues that there were genuine issues of material fact rendering summary disposition inappropriate. Finding no error, we affirm.

## Facts

[2] On May 8, 2008, Gates pleaded guilty to charges of rape and escape in Vanderburgh County and was sentenced to an aggregate term of fourteen years in the Department of Correction. While incarcerated, on June 16, 2010, Gates also pleaded guilty to prisoner possessing a device or material, a Class C felony, and was sentenced to a three-year term to run consecutively to his previously-imposed fourteen-year term.

[3] On June 10, 2017, Gates was released to parole. Later, on August 10, 2017, the State alleged that Gates had violated the conditions of his parole by possessing obscene materials. Gates admitted to violating the conditions of his parole on August 11, 2017, and subsequently waived his right to a preliminary parole revocation hearing. Relying on various documents and Gates's admission, on September 26, 2017, the Parole Board revoked Gates's parole.

---

[1] Though Gates initially filed a petition for writ of habeas corpus, the trial court properly construed this action as a petition for post-conviction relief because Gates is challenging the revocation of his parole and is not seeking immediate release from an unlawful incarceration. *See* Ind. Post-Conviction Rule 1(1)(a)(5); *see also Grayson v. State*, 58 N.E.3d 998, 1001 (Ind. Ct. App. 2016).

[4]     On February 12, 2019, Gates filed a petition for writ of habeas corpus, which he later amended on March 4, 2019. In response, the State filed a motion for summary disposition on March 26, 2019, arguing that the matter should not be treated as a petition for writ of habeas corpus and that Gates should be denied relief because he admitted to violating the conditions of his parole. The trial court took the matter under advisement. On May 21, 2019, the trial court issued an order stating that it had treated Gates's petition as one for post-conviction relief and, consequently, granted the State's motion for summary disposition, thereby affirming the revocation of his parole. Gates now appeals.

## Discussion and Decision

[5]     Gates's sole argument on appeal is that the trial court erred by granting the State's motion for summary disposition and affirming that his parole should be revoked. Specifically, Gates contends that there should have been an evidentiary hearing on his petition because there were genuine issues of material fact.

[6]     Pursuant to Indiana Post-Conviction Rule 1(4)(g):

> The court may grant a motion by either party for summary disposition of the petition when it appears from the pleadings, depositions, answers to interrogatories, admissions, stipulations of fact, and any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. . . . If an issue of material fact is raised, then the court shall hold an evidentiary hearing as soon as reasonably possible.

Under this subsection, "[a]n appellate court reviews the grant of a motion for summary disposition in post-conviction proceedings on appeal in the same way as a motion for summary judgment." *Norris v. State*, 896 N.E.2d 1149, 1151 (Ind. 2008). And it is well established that:

> the standard of review of a grant or denial of a motion for summary judgment is the same as that used in the trial court: summary judgment is appropriate only where the designated evidence shows that there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. The moving party must designate sufficient evidence to eliminate any genuine factual issues, and once the moving party has done so, the burden shifts to the nonmoving party to come forth with contrary evidence.

*Mid-States Gen. & Mech. Contracting Corp. v. Town of Goodland*, 811 N.E.2d 425, 430 (Ind. Ct. App. 2004) (internal citation omitted).

[7] Based on the record, we know that in rendering its decision to revoke Gates's parole, "the Parole Board relied on the Parole Release Agreement, Parole Violation Report, Initial hearing[,] Preliminary Hearing Waiver, New Convictions, Parole Case Notes, Offender Information System[,] the Plea, and other evidence." Appellant's App. Vol. II p. 8-9. Moreover, Gates admitted to possessing obscene materials and violating the conditions of his parole. Gates even signed a document affirming all of this to be true—further evidence that Gates understood that his parole could be revoked. It is apparent to us that Gates understood the nature of his actions and accepted the ultimate consequence of his parole revocation.

[8] Thus, the State has designated sufficient evidence showing that there are no genuine issues of material fact. Despite Gates's contention that an evidentiary hearing on his petition for post-conviction relief should have been held, he has proffered no evidence to rebut the State's evidence except to say that "[i]n the particular case of appellant Gates the material fact allegation required an evidentiary hearing for the submission of evidence for the purpose of hearing testimony in [sic] that is 'best evidence' in any case." Appellant's Br. p. 8. Accordingly, we find that Gates has not met his burden.

[9] Therefore, the trial court did not err when it granted the State's motion for summary disposition, thereby denying Gates's petition for post-conviction relief.[2]

[10] The judgment of the trial court is affirmed.

Bradford, C.J., and Pyle, J., concur.

---

[2] The State spends a considerable amount of time countering two arguments allegedly raised by Gates: (1) that Gates was discharged from his escape sentence; and (2) that Gates could not be on probation and parole concurrently. However, we decline to address these, as Gates himself mentions these concerns only as asides in his brief and does not support them with relevant caselaw or additional argument. To address them here would only distract from Gates's central and, in our opinion, sole issue: the revocation of his parole.